**In re CRASPER, Richard Leigh, Debtor.**

**Bernie R. RAKOZY, Trustee, Plaintiff,**

v.

**Richard CRASPER, Defendant.**

Bankruptcy No. 91–03516.
Adv. No. 92–6052.

United States Bankruptcy Court,
D. Idaho.

May 15, 1992.

---

D. Blair Clark, Ringert Clark Chartered, Boise, Idaho, for plaintiff.

Bob Pangburn, Rettig, Rosenberry, Lovan & Pangburn, Caldwell, Idaho, for defendant.

MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The trustee has filed this adversary proceeding to deny the debtor's discharge in

this chapter 7 proceeding. The trustee has moved for a judgment on the pleadings. The basis for the trustee's motion is a default judgment entered against the debtor in an Oregon chapter 7 proceeding denying him a discharge on July 3, 1990.

The debtor argues the prior judgment should not be given res judicata effect because it was a default judgment.

This Court has previously ruled in *In Re Martindale*, 92 I.B.C.R. 16, that the revocation of a debtor's discharge is res judicata as to all the debts scheduled in the prior bankruptcy. In *Martindale*, the debtors' discharge had been revoked by the Court for failure to obey a lawful order of the Court. The debtor later filed another petition and sought to have the same debts discharged. The Court then revoked the discharge entered in the debtor's second bankruptcy proceeding.

The Court in *In Re Payton*[1] stated:

We construe the law to be crystal clear that, where a discharge in bankruptcy has been denied or a determination made that a particular debt is nondischargeable, that issue is res judicata, and a bankrupt has lost his right to have that matter readjudicated in a subsequent bankruptcy proceeding.

This Court in *Martindale* found the revocation of the discharge to be res judicata as to all debts scheduled in the prior bankruptcy. The same result applies in this case. The Court finds the denial of discharge under 11 U.S.C. § 727 issued in the debtor's prior bankruptcy proceeding to be res judicata as to all debts scheduled in that proceeding.

However, the trustee's request for a denial of discharge of all debts in this proceeding will be denied. The judgment of the Court in the prior bankruptcy proceeding is only res judicata as to the debts listed in that proceeding.

A separate order will be entered.

**1.** 5 B.C.D. 402, 403 (E.D.Pa.1979).