In re Arnold WEBB, Debtor.

Lamon McINTOSH, Plaintiff,

v.

Arnold WEBB, Defendant.

Bankruptcy No. 92–3583.

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 6, 1993.

Lamon McIntosh, pro se.

Arnold Webb, pro se.

Nancy S. Schramski, Lima, OH, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment; Reply; Motion for Judgment on the Pleadings; Motion to Dismiss Defendant's Countersuit; Amended Complaint; Notice of Plaintiff's Motion to Dismiss Defendant's Countersuit; and Notice of Plaintiff's Motion for Judgment on the Pleadings. In response, Defendant filed a Response to Plaintiff's Motion for Summary Judgment; Motion to Dismiss; Counterclaim for Citation in Contempt of Court and Damages; Response to Plaintiff's Motion for Judgment on the Pleadings; Answer to Amended Complaint; Objection to Notice of Plaintiff's Motion for Judgment on the Pleadings; and Defendant's Objection to Notice of Plaintiff's Motion to Dismiss Defendant's Countersuit.

The Court has reviewed the written arguments of Defendant's counsel and Plaintiff, supporting affidavits, answers to interrogatories, answers to requests for admissions, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court shall dispose of all pending issues in this Memorandum Opinion and Order as follows: Plaintiff's Motion for Summary Judgment is Denied; Defendant's Motion to Dismiss is Granted; Plaintiff's Amended Complaint to Determine Dischargeability is Dismissed; and Plaintiff's Motion for Judgment on the Pleadings is Dismissed as moot.

This matter shall proceed to Trial on **Thursday, April 22, 1993 at 10:00 A.M.** on the issues set forth in Defendant's Coun-

terclaim for Citation in Contempt and Damages; and Plaintiff's Motion to Dismiss Defendant's Counterclaim.

### FACTS

In 1982, Defendant became indebted to Plaintiff for the amount of Three Thousand and 00/100 Dollars ($3,000.00). In December, 1983, Defendant and his spouse filed a Chapter 7 Petition in the United States Bankruptcy Court, Southern District of Ohio. Plaintiff was omitted as a creditor from the attendant schedules in the Petition filed in 1983. On October 20, 1991 Defendant and his spouse filed a Chapter 7 Petition in the United States Bankruptcy Court, Northern District of Ohio. Plaintiff's unsecured nonpriority claim for Three Thousand and 00/100 Dollars ($3,000.00) was included in the attendant schedules. Plaintiff was duly notified that Defendant and his spouse were discharged of all dischargeable debts on February 8, 1993. The case was closed on February 22, 1993.

Plaintiff's Complaint to Determine Dischargeability under 11 U.S.C. § 523(a)(10) was filed on December 21, 1992. Defendant filed an Answer on January 11, 1993. Plaintiff filed a Motion for Summary Judgment on January 14, 1993 to which Defendant filed a Response and Motion to Dismiss. On January 25, 1993, Plaintiff filed a Reply to Defendant's Response and on February 24, 1994, Plaintiff filed an Amended Complaint alleging that Defendant's indebtedness is not dischargeable under 11 U.S.C. § 727(a). On March 22, 1993, Plaintiff filed a Motion for Judgment on the Pleadings and in response, Defendant filed a Counterclaim for Citation in Contempt of Court and Damages. Plaintiff filed a Motion to Dismiss Defendant's Countersuit and Defendant filed a Response to Plaintiff's Motion for Judgment on the Pleadings on April 2, 1993. On April 5, 1993, Plaintiff filed Notices of Plaintiff's Motion for Judgment on the Pleadings and Motion to Dismiss Defendant's Countersuit. On the same date, Defendant filed Objections to both of Plaintiff's Notices; an Amended Answer; and Motion for Protective Order as to Request for Discovery.

### DISCUSSION

Under 28 U.S.C. § 157(b)(2)(I), this matter is a core proceeding.

**I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DEFENDANT'S RESPONSE; AND DEFENDANT'S MOTION TO DISMISS.**

#### A. LAW

The relevant law pertaining to the issues set forth in Plaintiff's Motion for Summary Judgment; Defendant's Response to Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss is as follows:

11 U.S.C. § 523(a)(10).

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act.

11 U.S.C. § 727(a)(10).

(a) The court shall grant the debtor a discharge, unless—

(10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

**Rule 4004(c).**

(c) In a chapter 7 case, on expiration of the time fixed for the filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case pursuant to Rule 1017(e), the court shall forthwith grant the discharge unless (1) the debtor is not an individual, (2) a complaint objecting to the discharge has been filed, (3) the debtor has filed a waiver under § 727(a)(10) ...

**616**

### B. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment may be granted under Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056 when the movant can demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant will prevail upon demonstrating all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel*, 72 B.R. 253, 256, (Bankr.N.D.Ohio 1987) (quoting *In re Sostarich*, 53 B.R. 27 (Bankr.W.D.Ky. 1985)).

Plaintiff's Motion for Summary Judgment alleges that Defendant's failure to obtain a discharge in the 1983 bankruptcy case renders Defendant's indebtedness to Plaintiff nondischargeable. According to Plaintiff, Defendant could have included the debt in the 1983 bankruptcy. Since the discharge of 1983 is *res judicata*, Defendant is precluded from discharging his indebtedness to Plaintiff in this cause of action under 11 U.S.C. § 523(a)(10).

Defendant argues that Plaintiff misinterprets 11 U.S.C. § 523(a)(10). According to Defendant, Section 523(a)(10) exempts from discharge any debt which was listed or could have been listed in the prior case only when the debt was waived or a denial of discharge was entered. Defendant's discharge should not be denied based upon the Section 523(a)(10) since Defendant's discharge was neither denied nor waived.

In response, Plaintiff alleges that Defendant constructively waived his discharge through his conduct. Defendant relocated after the trial court rendered judgment against him. In addition, Defendant subsequently purchased real property. According to Plaintiff, these factors coupled with Defendant's failure to name Plaintiff as a creditor in the first bankruptcy are grounds to deny dischargeability of Defendant's debt to Plaintiff.

### C. STANDARDS FOR EXCEPTIONS FROM DISCHARGE UNDER § 523(A)(10)

Section 523(a)(10) excepts from discharge debts that the debtor owed before a prior bankruptcy case in which the debtor waived or was denied a discharge other than on the basis of the six-year bar. COLLIER ON BANKRUPTCY § 523.19 (Lawrence P. King ed., 15th ed. 1993). The exception of section 523(a)(10) is applicable in circumstances where debts existing at the commencement of a case in which the debtor waives or is denied discharge can never be discharged in a subsequent bankruptcy. Waiver of discharge must be in writing and approved by the Court. 11 U.S.C. § 727(a)(10). A determination of nondischargeability in one bankruptcy case has a *res judicata* effect on the same debt in a subsequent case. 11 U.S.C. § 523(a)(10) and (b).

In the case at bar, Plaintiff concedes that Defendant was granted a discharge in the previous bankruptcy case. Therefore, the statutory provision with respect to the denial of discharge is inapplicable. Moreover, Plaintiff has failed to demonstrate that Defendant waived discharge in accordance with the statutory provisions of 11 U.S.C. § 727(a)(10). Construing this evidence in a light most favorable to Defendant, Plaintiff's Motion for Summary Judgment should be Denied.

### II. PLAINTIFF'S AMENDED COMPLAINT AND MOTION FOR JUDGMENT ON THE PLEADINGS.

#### A. LAW

The relevant law pertaining to Plaintiff's Amended Complaint and Motion for Judgment on the Pleadings is as follows:

**Rule 4004. Grant or Denial of Discharge.**

**(a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.** In a chapter 7 liquidation case a complaint objecting to the discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)....

**(b) Extension of Time.** On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

**Rule 12(c) FR Civ P.**

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

### B. STANDARDS FOR DISCHARGE UNDER § 727(a)

Under Rule 4004(a), the time for filing a complaint objecting to debtor's discharge under section 727(a) is limited to sixty (60) days after the first date set for the first meeting of creditors. In this case, the first meeting of creditors was held on November 30, 1992. Plaintiff's initial Complaint to Determine Dischargeability of Defendant and his spouse's indebtedness to him was lodged solely under section 523(a)(10). Plaintiff amended his Complaint on February 24, 1993 alleging infractions under section 727(a). Since the record does not reflect that Plaintiff sought an extension of time within which to file, Plaintiff's Complaint to Determine Dischargeability under 727(a) is untimely filed and is therefore Dismissed. Accordingly, Plaintiff's Motion for Judgment on the Pleadings should be Dismissed as Moot.

Since the issues which remain in substantial controversy include those raised by Defendant in his Counterclaim for Contempt; Plaintiff's Motion to Dismiss; and Defendant's Motion for Protective Order, judgment is not rendered upon the entire case. These remaining issues will be addressed at Trial which is scheduled for Thursday, April 22, 1993 at 10:00 A.M.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, and arguments of Plaintiff, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment be, and is hereby, **DENIED.**

It is **FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint to Determine Dischargeability under 11 U.S.C. § 523(a)(10) be, and is hereby, **GRANTED.**

It is **FURTHER ORDERED** that Plaintiff's Amended Complaint to Determine Dischargeability under 11 U.S.C. § 727(a) be, and is hereby, **DISMISSED.**

It is **FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings be, and is hereby, **DISMISSED AS MOOT.**

It is **FURTHER ORDERED** that Defendant's Counterclaim and Plaintiff's Motion to Dismiss be, and hereby are, set for Trial on **Thursday, April 22, 1993 at 10:00 A.M.,** in Courtroom No. 2, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.