**In re Timothy E. KLASINSKI and Rhonda L. Klasinski, Debtors.**

**Philip HATMAKER, Plaintiff,**

**v.**

**Timothy E. KLASINSKI, Defendant.**

**Bankruptcy No. 97–71540.
Adversary No. 97–7141.**

United States Bankruptcy Court,
C.D. Illinois.

Nov. 12, 1997.

John S. Narmont, Springfield, IL, for Klasinski.

Duane D. Young, Springfield, IL, for Hatmaker.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether the settlement of a nondischargeability action in one bankruptcy case bars a redetermination of that issue in a subsequent bankruptcy case.

The material facts are not in dispute and this proceeding is before the Court on a motion for summary judgment. Both parties have submitted briefs in support of their respective positions.

The Debtor, Timothy Klasinski, filed a petition pursuant to Chapter 7 of the Bankruptcy Code in 1987. Philip Hatmaker, who was scheduled as a creditor in that proceeding, filed a complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2). The dischargeability proceeding was settled and a Judgment Order was entered on May 3, 1989. The Judgment Order provides as follows:

THIS CAUSE coming on to be heard on the agreement of the parties to settle the issues pending in this adversary matter, and the parties and their attorneys having agreed to the entry of the Judgment Order incorporating the terms of their settlement agreement and having approved this Judgment Order, and the Court having considered and approved the same on such agreement,

IT IS ORDERED, ADJUDGED and DECREED as follows:

1. That the Debtor/Defendant, TIMOTHY E. KLASINSKI pay to the Plaintiff, PHILIP HATMAKER, the sum of $4,000.00 payable as follows:

| AMOUNT | DATE DUE |
| --- | --- |
| $ 300.00 | May 21, 1989 |
| $ 700.00 | July 01, 1989 |
| $1,000.00 | December 31, 1989 |
| $1,000.00 | July 01, 1990 |
| $1,000.00 | December 31, 1990 |

Said sums shall not accrue interest until due. Defendant may pre-pay sums at any time and in any amounts. In the event any installment is not paid when due, all remaining installments shall become due and payable. Every amount unpaid when due, whether due pursuant to the above schedule or by acceleration for non-payment shall accrue interest at the rate of nine percent (9%) per annum.

2. In the event the Debtor/Defendant fails or refuses to pay as set forth herein and it is necessary for the Plaintiff to secure the services of an attorney or attorneys to enforce this Order, Plaintiff shall be entitled to recover, in addition to all sums due, all costs of such enforcement, including reasonable attorneys' fees paid or incurred by the Plaintiff in enforcing this Order.

3. That all issues pleaded in this adversary matter are merged into this final Judgment Order.

This judgment has not been satisfied.

On April 24, 1997, the Debtor filed a second petition pursuant to Chapter 7 of the Bankruptcy Code. Mr. Hatmaker was again listed as a creditor holding an unsecured nonpriority claim. The schedules indicate that the claim of $4,490 was incurred in 1990 and is disputed. It is undisputed that this is the same debt which was the subject of the Judgment Order in the adversary proceeding in the prior bankruptcy case.

On June 17, 1997, Mr. Hatmaker filed a Complaint for Declaratory Judgment. Mr. Hatmaker seeks a declaration that the debt owed to him by the Debtor remains nondischargeable. The Debtor opposes the Complaint.

It is well settled that "a determination of nondischargeability in one bankruptcy case bars a redetermination of that issue in a subsequent bankruptcy case". *In re Saler*, 205 B.R. 737, 748–49 (Bankr.E.D.Pa.1997); *Matter of Swate*, 99 F.3d 1282, 1288 (5th Cir.1996); *In re Webb*, 157 B.R. 614, 616 (Bankr.N.D.Ohio 1993); *In re Szafranski*, 147 B.R. 976 (Bankr.N.D.Okla.1992); *In re Crasper*, 142 B.R. 396, 397 (Bankr.D.Idaho 1992); *In re Boerger*, 67 B.R. 922 (Bankr. W.D.Mo.1986). This holding is based in part on 11 U.S.C. § 523(b), which provides as follows:

> (b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section ... in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

This section permits the discharge of certain debts which were not discharged in a prior proceeding, but which would have been discharged had the prior case been filed at a later date or had the creditor not been omitted from the schedules. The negative implication of this provision is that it forbids the discharge of a debt which was previously determined nondischargeable on the basis of past acts which do not change. *In re Szafranski, supra,* 147 B.R. at 988. In this case, the nondischargeability claim of Mr. Hatmaker was based upon § 523(a)(2), and this subsection is not referred to in § 523(b). Accordingly, § 523(b) is not applicable, and the debt remains nondischargeable.

This holding is consistent with the general policies of finality and judicial economy encompassed by the doctrine of res judicata. As recognized in *Szafranski:*

> When the dishonest circumstances and nondischargeable character of such a debt have been judicially determined once, they need not be determined again. Indeed, such matters *should not* be litigated again; for such litigation would promote repetitive bankruptcies, harass creditors, waste judicial resources, and misuse procedural mechanisms so as to obstruct, rather than

facilitate, disposition of disputes on their merits. In *Collier's* words, "[t]here is ... sound reason why a debtor should be forever barred from having such debt[s] discharged."

147 B.R. at 988. (Emphasis in original).

The Debtor argues that the 1989 Judgment Order does not contain a specific finding of nondischargeability. While it is true that the Judgment Order does not contain the magic word "nondischargeable", this is not determinative. The dischargeability of the Debtor's debt to Mr. Hatmaker was clearly the central issue in the adversary proceeding. The dischargeability proceeding was settled when the Debtor agreed to pay Mr. Hatmaker $4,000.00. This agreement to pay $4,000.00 was notwithstanding the general discharge. Thus, it was obviously the intent of the parties that this debt would be excepted from discharge, and the Court approved the settlement with the understanding that the debt would be nondischargeable.

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is allowed. The debt which was excepted from discharge under 11 U.S.C. § 523(a)(2) in Adversary No. 88–7121 remains excepted from discharge in this case.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.