In re Gloria JOHNSON, Debtor.

Comerica Bank, Plaintiff,

v.

Gloria Johnson, Defendant.

Bankruptcy No. 99–45486.
Adversary No. 99–4499.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

April 6, 2000.

Hugh Robert Pierce, Royal Oak, MI, for defendant.

Darryl J. Chimko, Elizabeth M. Abood, Rochester Hills, MI, for plaintiff.

## DECISION and ORDER

BURTON PERLMAN, Bankruptcy Judge.

This adversary proceeding arises in a Chapter 7 case and seeks to hold nondischargeable a debt owed by debtor/defendant to plaintiff. Defendant had filed a prior Chapter 7 case in connection with which she had entered into a Reaffirmation Agreement with plaintiff. Defendant did not complete payments to plaintiff under the Reaffirmation Agreement and has now filed another Chapter 7 case within the time limits permitted by the Bankruptcy Code. Defendant has listed the remaining debt owing plaintiff in her bankruptcy

schedules and seeks to have it discharged. Plaintiff here contests dischargeability of that debt and has filed the present complaint for that purpose. The parties have filed cross-motions for summary judgment which came on for hearing before the court. At the conclusion of the hearing, the court reserved decision. The court now rules on the cross-motions for summary judgment.

The essential facts in the case emerge from the allegations of the complaint which are largely admitted in defendant's answer. Thus, defendant admits the following allegations of the complaint:

5. On March 18, 1992, Defendant filed a previous Chapter 7 Petition for Relief, case number 92–03463–R.

6. Plaintiff was a Creditor of Defendant in the previous Chapter 7 case.

7. On April 27, 1992, Defendant executed a Reaffirmation Agreement and Declaration Regarding Reaffirmation whereby Defendant "agreed and understood that this Agreement is entered into in full settlement and satisfaction of Creditor's claim that this debt is non-dischargeable pursuant to 11 U.S.C. 523." A copy of the Reaffirmation Agreement and Declaration Regarding Reaffirmation are attached as Exhibit A and incorporated herein by reference.

8. The documents attached as Exhibit A were filed with this Court on May 7, 1992.

9. Defendant lists Plaintiff as a Creditor in the present case based upon the balance still owing on the Reaffirmation Agreement.

\*     \*     \*     \*     \*     \*

12. On the date Defendant filed her subsequent Petition for Relief on April 2, 1999, Defendant was indebted to Plaintiff in the amount of Three Thousand Two Hundred Sixteen and 24/100 ($3,216.24) Dollars.

Defendant denies the following allegations:

10. Defendant's reaffirmation acted as a waiver of this debt under 11 U.S.C. 524(c).

11. The debt is nondischargeable in the within proceeding pursuant to 11 U.S.C. 523(a)(10) and/or 11 U.S.C. 523(b).

The text of the Reaffirmation Agreement, attached as Exhibit A to the complaint, in its entirety states:

I/We, Gloria Johnson, notwithstanding the fact that I/we have filed for relief under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended, in the United States Bankruptcy Court, do hereby reaffirm and promise to pay to Comerica Incorporated, Creditor herein, the sum of $2,000.00, at 12% rate of interest set forth in the original document evidencing the transaction between the parties.

The aforementioned sum shall be payable in monthly installments of $40.00. The first monthly installment shall be due on the 1st day of June, 1992. Subsequent monthly installments shall be due on the 1st day of each month thereafter until the entire reaffirmed amount plus interest is paid in full.

In the event that any payment is more than fifteen (15) days late, as promised above, the terms of this Agreement shall be deemed to be in default, and there shall be forthwith due and payable all sums remaining upon principal and interest according to the terms of this Agreement.

It is agreed and understood that this Agreement is entered into in full settlement and satisfaction of Creditor's claim that this debt is non-dischargeable pursuant to 11 U.S.C. 523. Debtor (a) fully acknowledge(s) that he/she/they has/ have the right to litigate this matter but has concluded that it is in his/her/their best interest to enter into this negotiated settlement. Debtor(s) shall not incur further charges/cash advances.

Debtor(s) herein further agrees and understands that THIS REAFFIRMATION AGREEMENT MAY BE RE-

SCINDED WITHIN SIXTH (60) DAYS AFTER SAID AGREEMENT IS FILED WITH THE COURT, OR AT ANY TIME PRIOR TO DISCHARGE, WHICHEVER OCCURS LATER. RESCISSION CAN ONLY BE MADE BY SENDING WRITTEN NOTIFICATION OF RESCISSION TO: SHERMETA, CHIMKO, & KILPATRICK, P.C. 445 S. LIVERNOIS, STE. 221, ROCHESTER HILLS, MI 48307, AND BY FILING COPY OF SAME WITH THE COURT.

If Debtor(s) herein exercises the aforementioned right of rescission, all payments made herein up to the time of said rescission shall be considered as compensation to Creditor herein for its act of forbearance. In either/any case, the payment shall not be refunded.

---

EDWARD SHAW (P43061)
Attorney for Debtor

---

GLORIA JOHNSON
Debtor

---

DARRYL CHIMKO (P31016)
Attorney for Creditor
Dated: 4–27–92

No order was entered by the court on this agreement.

On its motion for summary judgment, plaintiff's position is that the Reaffirmation Agreement was a determination that the debt was nondischargeable, and that determination is res judicata in the present case. Alternatively, plaintiff argues that by entering into the Reaffirmation Agreement, defendant for all time waived her right to discharge the reaffirmed debt. Plaintiff says, then, that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(10) and/or § 523(b).

These Code sections state:

§ 523. **Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act;

\* \* \* \* \* \*

(b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

Defendant for her part contests the positions of plaintiff, but then expends considerable discussion upon a separate issue, the propriety of settling the earlier controversy between the parties by means of a Reaffirmation Agreement.

After reviewing the record made by the parties, we have come to the conclusion that the document entered into between the parties, while entitled Reaffirmation Agreement, is by its terms a settlement agreement. What the instrument is called does not determine its effect. *See, e.g., Heryford v. Davis,* 102 U.S. 235, 244, 26 L.Ed. 160 (1880) (cited with approval in *Hyman v. Semmes,* 26 F.2d 10, 11 (6th Cir.1928); *Matter of Porter,* 202 B.R. 109, 119 (N.D.Ind.1996)); 17A Am.Jur.2d Contracts § 391 (1991). The document itself says that "this Agreement is entered into in full settle-

ment and satisfaction of Creditor's claim that this debt is nondischargeable." The document then goes on to say that debtor, defendant here, acknowledges that she "has the right to litigate this matter but has concluded that it is in his/her/their best interest to enter into this negotiated settlement."

██ It is elementary that once parties to litigation settle their controversy, their rights are defined by the contract of settlement into which they have entered and are governed by principles of contract law. *See e.g., Bamerilease Capital Corp. v. Nearburg,* 958 F.2d 150 (6th Cir.1992); *Mikonczyk v. Detroit Newspapers, Inc.,* 238 Mich.App. 347, 605 N.W.2d 360 (Mich. Ct.App.1999). By entering into the agreement, the plaintiff gave up its right to pursue the full amount of its claim in exchange for "the sum of $2,000.00 at 12% interest to be paid in monthly installments of $40.00 beginning June 1, 1992." What defendant got by means of the settlement agreement was freedom from the litigation. The contract between the parties, in addition to spelling out the respective rights of the parties, provided for the consequences of default on the part of defendant. The consequences of default were that all sums remaining upon principal and interest according to the terms of this agreement would be due and payable.

When defendant subsequently filed bankruptcy, she had the right to include the debt on a contract owing to plaintiff in her schedules. *See* 11 U.S.C. § 101(12) and (5); F.R.B.P. 1007. Because plaintiff holds *nothing more than a contract right* to payment, it is dischargeable in the present bankruptcy. *See* 11 U.S.C. § 727(b). There is no basis for plaintiff's contention that its claim at this time in any way relates back to its original position that it had a nondischargeable claim against defendant. It gave up the right to take such a position when it entered into the settlement agreement with defendant.

██ Plaintiff seeks to avoid the outcome we have reached by asserting that because the parties entered into a Reaffirmation Agreement, different consequences should follow. First, plaintiff urges that the Reaffirmation Agreement should be given res judicata effect here. This argument cannot avail plaintiff for the doctrine of res judicata requires that there be a prior judgment, *see Bittinger v. Tecumseh Prod. Co.,* 123 F.3d 877, 880 (6th Cir.1997), and there is none here. In support of its argument in this respect, plaintiff relies upon *In re Klasinski,* 215 B.R. 181 (Bankr. C.D.Ill.1997) and *In re Saler,* 205 B.R. 737 (Bankr.E.D.Pa.1997). In each of those cases, however, there was a prior court order which was given preclusive effect. *See Klasinski,* 215 B.R. at 182; *Saler,* 205 B.R. at 739–40.

██ Plaintiff's second argument is that the Reaffirmation Agreement constituted a waiver by defendant of his right to deny nondischargeability in his second bankruptcy. This argument is also without merit. A case cited by plaintiff, *McIntosh v. Webb (In re Webb),* 157 B.R. 614 (Bankr. N.D.Ohio 1993), itself refutes this argument. The court there expressly held that to be effective, a waiver must be in writing and approved by the court, and there is no such waiver in evidence. *Webb,* 157 B.R. at 616. *See also In re Lones,* 50 B.R. 801 (Bankr.W.D.Ky.1985).

Accordingly, defendant's motion for summary judgment is granted and that of plaintiff is denied. The complaint is dismissed.

So Ordered.