KELLEHER, Senior District Judge:
 

 We have before us the question of whether the district court erred in dismissing appellant-debtors’ complaint under Federal Rule of Civil Procedure 12(b)(6) on the basis that reaffirmation and settlement agreements entered into by appellant-debtors during prior bankruptcy proceedings bar their later action against the same creditor for alleged violations of the automatic stay and discharge provisions of the U.S. Bankruptcy Code. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 

 I.
 

 Appellants Carole M. Rein, Paul M. Driscoll, William F. Croce and Tina W. Croce, and Paul Frenette (“Rein,” “Dris-coll,” “Croces,” and “Frenette,” respectively, and “Appellants,” collectively) were debtors in unrelated Chapter 7 bankruptcy proceedings who owed Providian Financial Corporation (“Providian”) various amounts in credit card debts (“Providian Debt”). After Appellants filed for bankruptcy,
 
 [2]
 
 Providian mailed letters to each of Appellants’ attorneys, asserting its belief that portions of Appellants’ respective credit card debts were nondischargeable because they were incurred through fraud. Each Appellant was requested to enter into an agreement reaffirming the amount at issue.
 

 Rein, Driscoll, and Croces refused to enter into reaffirmation agreements, and Providian instituted adversary proceedings against them in their respective bankruptcy actions. Represented by counsel, Rein, Driscoll, and Croces ultimately negotiated settlements with Providian, wherein they stipulated that the Providian Debt was nondischargeable and agreed to pay some or all of the amounts at issue.
 

 Frenette, also represented by counsel, signed a reaffirmation agreement on May 19, 1997. The bankruptcy court granted Frenette a discharge on June 19, 1997, discharged the trustee on March 24, 1998, and closed the bankruptcy case on the same day.
 

 On October 21, 1998, Appellants filed a class action lawsuit against Providian in the United States District Court for the Northern District of California, alleging that Providian’s distribution of reaffirmation letters and institution of adversary proceedings constituted violations of the automatic stay and discharge provisions of the U.S. Bankruptcy Code (11 U.S.C. §§ 362 and 524(a)(2), respectively). The
 
 *1098
 
 district court dismissed the complaint with prejudice on the basis of claim and issue preclusion and lack of standing.
 

 II.
 

 We first address the district court’s ruling that Appellants lacked standing to bring their claims. In their complaint, Appellants sought to enjoin Providian from engaging in alleged violation of the stay and discharge provisions. However, as the district court pointed out, the automatic stay had terminated and Providian had completed its collection efforts by the time Appellants filed suit in district court, rendering their claims for injunctive relief moot. Nonetheless, Appellants have standing. Appellants also sought monetary damages against Providian, and even such a generalized claim for monetary damages is sufficient to maintain justiciability.
 
 Shadduck v. Rodolakis,
 
 221 B.R. 573, 579 (1998) (holding that the plaintiff had standing even though automatic stay had terminated and his claims for declaratory and injunctive relief were moot, because he also sought actual damages for violation of the automatic stay). Hence, the district court erred in dismissing Appellants’ claims for lack of standing.
 

 III.
 

 Appellants argue that the district court erred in holding that their claims were barred by res judicata and collateral estop-pel. Because the analysis differs with respect to Frenette, we accord his claims separate treatment.
 

 A.
 

 Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action.
 
 See In re Baker,
 
 74 F.3d 906, 910 (9th Cir.1996). Claim preclusion is appropriate where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits.
 
 Owens v. Kaiser Found. Health Plan, Inc.,
 
 244 F.3d 708, 713 (9th Cir.2001);
 
 Siegel v. Federal Home Loan Mortgage Corp.,
 
 143 F.3d 525, 528-29 (9th Cir.1998).
 

 The first two res judicata factors are satisfied as to Frenette. First, the parties are identical. A reaffirmation agreement was entered into by and between Providian and Frenette. Frenette subsequently brought his §§ 362 and 524(a)(2) claims against Providian in district court. Second, there is no dispute that the bankruptcy court was a court of competent jurisdiction.
 

 However, Frenette’s prior bankruptcy action was not concluded to a final judgment on the merits. The reaffirmation agreement signed by Frenette and filed on May 28, 1997 is unaccompanied by any court order approving the agreement, excepting the Providian Debt from discharge, or otherwise declaring the Providian Debt nondischargeable. Likewise, the order of discharge issued on June 19, 1997 is silent as to the disposition of the Providian Debt.
 

 Pursuant to 11 U.S.C. § 524(c)(2)(B), nothing in the Bankruptcy Code or in nonbankruptcy law requires a debtor to reaffirm a debt. And pursuant to 11 U.S.C. § 524(c)(3)(A), a reaffirmation agreement must be a ‘Voluntary agreement” of the debtor. As such, unless the court reviews and approves the Reaffirmation Agreement by an order of the court, the fact that a debtor has voluntarily entered into a reaffirmation agreement neither proves nor disproves the question of whether the debt that is the subject of the reaffirmation agreement would have been
 
 *1099
 
 held to be nondischargeable if the creditor had filed a nondischargeability adversary proceeding regarding that debt and the Court had adjudicated that adversary proceeding. Because of its voluntary nature, a reaffirmation agreement that is not approved by a subsequent court order can have no preclusive effect regarding the question of whether or not the debt reaffirmed would have been held to be nondis-chargeable or dischargeable if the nondis-chargeability issue had been litigated. Thus, a reaffirmation agreement unaccompanied by a court order is not a final judgment on the merits and cannot be given preclusive effect.
 
 In re Johnson,
 
 255 B.R. 696, 698 (Bankr.E.D.Mich.2000) (holding that stipulation of nondischarge-ability in a prior Chapter 7 bankruptcy proceeding unaccompanied by a court order had no preclusive effect in a subsequent Chapter 7 case).
 
 [3]
 
 Accordingly, the district court erred in holding that Fren-ette’s claims were barred by res judicata.
 

 B.
 

 Frenette also contends that the district court erred in holding that his claims were barred on an alternative ground — that of collateral estoppel, or issue preclusion.
 

 Collateral estoppel is appropriate when the following elements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.
 
 In re Palmer,
 
 207 F.3d 566, 568 (9th Cir.2000).
 

 Collateral estoppel does not apply to Frenette’s claims for the same reason that res judicata does not: Frenette’s present claims were never disposed of by a prior final judgment on the merits. Collateral estoppel does not bar Frenette’s claims for other, additional reasons. Fren-ette did not have a full and fair opportunity to litigate the stay and discharge violation issues in bankruptcy court because he signed the reaffirmation agreement, thus terminating any Chapter 7 dischargeability issue with regard to the Providian Debt. Further, and as a consequence, no adverse proceeding ever was instituted against him. In addition, Frenette’s claims were never actually litigated. The reaffirmation agreement deals solely with the discharge-ability of the Providian Debts, and does not purport in any way to be a general release, global settlement, or otherwise dispositive of any other issues.
 

 Because we find that Frenette has standing and that his claims are not barred by claim or issue preclusion, we reverse the ruling of the district court with respect to Frenette’s claims.
 

 IV.
 

 We now address whether the district court erred in holding that Rein, Croces, and Driscoll’s claims were barred.
 

 A.
 

 We begin with the res judicata analysis. As with Frenette, the first two res judicata factors are satisfied with re
 
 *1100
 
 gard to Rein, Croces, and Driscoll. First, the parties are identical. Settlement agreements were entered into by and between Providian and Rein, Croces, and Driscoll in compromise of the adverse proceedings filed by Providian. Rein, Croces, and Driscoll subsequently brought their Section 362 and Section 524(a)(2) claims against Providian in district court. Second, there is no dispute that the bankruptcy court was a court of competent jurisdiction.
 

 Rein, Croces, and Driscoll’s prior bankruptcy actions were concluded to a final judgment on the merits. Their settlement agreements were approved by the respective bankruptcy courts and included as part of the final judgments issued in Rein, Croces, and Driscoll’s Chapter 7 proceedings.
 
 [4]
 
 A judicially approved settlement agreement is considered a final judgment on the merits.
 
 See Howard v. America Online Inc.,
 
 208 F.3d 741, 748 (9th Cir.2000);
 
 see also In re Klasinski,
 
 215 B.R. 181, 183 (Bankr.C.D.Ill.1997) (judgment order approving settlement which included a stipulation of nondischargeability given preclusive effect even though the order did not contain a specific finding of nondischargeability). We therefore proceed to examine whether the final prong of the claim preclusion analysis is satisfied with regard to Rein, Croces, and Driscoll.
 

 This Circuit considers four criteria in determining whether the same claim or cause of action was involved in both suits: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transaction or nucleus of facts.
 
 C.D. Anderson & Co., Inc. v. Lemos,
 
 832 F.2d 1097, 1100 (9th Cir.1987).
 

 Rights and interests established in Rein, Croces, and Driscoll’s prior bankruptcy court judgments would be destroyed or impaired by prosecution of their district court claims. Rein, Croces, and Driscoll assert that the settlement agreements are void and unenforceable because violations of the automatic stay are void, and the settlement agreements were procured through such a violation. Further, Rein, Croces, and Driscoll sought to recover “compensatory damages, including all principal and finance charges paid under the unenforceable [settlement] agreements.” Thus, adjudication of Rein, Croces, and Driscoll’s claims involves relitigation of the dischargeability of the Providian Debt.
 

 Further, the two suits arise out of the same transaction or nucleus of facts. It has been held that “[i]n general, garden variety lender liability claims alleging wrongful lending or collections practices arise out of the same transaction as the lenders’ causes of actions [sic] to collect on the loans.”
 
 Sanders v. First Nat’l Bank,
 
 114 B.R. 507, 513 (M.D.Tenn.1990).
 
 [5]
 
 A
 
 *1101
 
 determination of this last factor in the affirmative has been held sufficient to establish that the same claim or cause of action was involved in both suits.
 
 See C.D. Anderson & Co.,
 
 832 F.2d at 1100 (noting that “[t]he last of these criteria [regarding whether the two suits arise out of the same transaction or nucleus of facts] is the most important” and holding that arbitration award denying customer’s claim against brokerage company for forgiveness of debt had preclusive effect in brokerage company’s action seeking payment of that debt, where both suits arose out of trading that occurred in connection with customer’s account).
 
 [6]
 
 Thus, the district court did not err in ruling that Rein, Croces, and Dris-coll’s claims were barred by res judicata.
 

 B.
 

 We now address the contention that the settlements entered into between Rein, Croces, and Driscoll and Providian are void because Providian procured the settlements by instituting adversary proceedings in violation of the automatic stay.
 

 Rein, Croces, and Driscoll are correct that actions taken in violation of the automatic stay are void.
 
 In re Schwartz,
 
 954 F.2d 569, 571 (9th Cir.1992). However, Rein, Croces, and Driscoll are in error in arguing that Providian violated the automatic stay by filing adversary proceedings against them. Providian filed separate adversary proceedings against Rein, Croces, and Driscoll in the bankruptcy court that was presiding over the particular debtor’s bankruptcy case. Each of the three adversary proceedings was a “non-dischargeabifity” adversary proceeding, brought pursuant to 11 U.S.C. § 523(a)(2), seeking a judgment holding the credit card debt owed to Providian by the particular debtor to be “nondischargeable” in the particular debtor’s bankruptcy case for fraud on the basis that the debtor in question made the credit card charges with no intent to pay Providian for those charges.
 

 Bankruptcy courts have exclusive jurisdiction over nondischargeabifity actions brought pursuant to 11 U.S.C. § 523(a)(2), (4), (6) and (15).
 
 See In re Goscicki,
 
 207 B.R. 893, 897-98 (1997);
 
 In re Aldrich,
 
 34 B.R. 776, 779-80 (1983);
 
 In re Franklin,
 
 179 B.R. 913, 920 (Bankr.E.D.Cal.1995). Although creditors generally may file suit against debtors in state court, and must obtain relief from the stay to do so, Providian did not have this option with regard to its Section 523(a)(2) claims because state courts lack jurisdiction to adjudicate Section 523(a)(2) actions.
 
 [7]
 
 As a result, bankruptcy court was the only forum where Providian could (and did) file its Section 523(a)(2) actions.
 

 This Circuit repeatedly has held that fifing a nondischargeabifity action in
 
 *1102
 
 the bankruptcy court where the bankruptcy case is pending does not violate the automatic stay.
 
 See, e.g., In re Roxford Foods, Inc.,
 
 12 F.3d 875, 878 (9th Cir.1993) (“ [T]he automatic stay [is] inapplicable to a suit commenced in the same court where the bankruptcy was pending.”);
 
 In re Teerlink Ranch Ltd.,
 
 886 F.2d 1233, 1237 (9th Cir.1989) (“The stay does not operate against the court with jurisdiction over the bankrupt.”). Hence, the district court did not err in giving preclusive effect to Rein, Croces, and Driscoll’s court-approved settlement agreements.
 

 REVERSED as to Appellant Frenette; AFFIRMED as to Appellants Rein, Croces, and Driscoll.
 

 [2]
 

 . Rein filed for bankruptcy in the U.S. Bankruptcy Court, District of Minnesota on April 11, 1997; Croces in U.S. Bankruptcy Court, District of Rhode Island on July 23, 1997; Driscoll in U.S. Bankruptcy Court, District of Rhode Island on November 27, 1996; and Frenette in the U.S. Bankruptcy Court, District of Rhode Island on February 19, 1997.
 

 [3]
 

 .
 
 Compare In re Laing,
 
 31 F.3d 1050, 1051—52 (10th Cir.1994) ("The final judgment expressly declared the debt nondischargeable. Although by agreement rather than litigation, that order has the same effect as a district court’s judgment on the merits. The plan's stipulation, along with the order declaring the debt nondischargeable, binds Laing regardless of whether that provision is inconsistent with the bankruptcy laws because it is nonetheless included in the Plan, which was ' confirmed by the bankruptcy court without objection and was not appealed.”) (internal quotations and citations omitted).
 

 [4]
 

 . The Minnesota bankruptcy court entered an Order for Judgment and a Judgment "[pursuant to the stipulation of the parties" in the Rein adversary proceeding on November 7, 1997; the Rhode Island bankruptcy court entered a Consent Judgment in the Croces ad-versaiy proceeding on May 12, 1998; and the Rhode Island bankruptcy court entered a Consent Judgment in the Driscoll adversary proceeding on May 20, 1998.
 

 [5]
 

 .
 
 See also Continental Illinois Nat’l Bank & Trust Co. v. Windham,
 
 668 F.Supp. 578, 583-84 (E.D.Tex.1987) (claims by guarantor alleging wrongful lending and collection practices against administrator of FDIC barred by guarantor’s acknowledgment of debt owed to FDIC in prior bankruptcy proceeding);
 
 Cf., Oneida Motor Freight, Inc. v. United Jersey Bank,
 
 848 F.2d 414, 420 (3d Cir.1988) (action for breach of loan agreements and fraudulent misrepresentations that allegedly forced
 
 *1101
 
 debtor into bankruptcy arose out of parties' lending agreements and course of dealing for purpose of equitable and judicial estoppel analyses).
 

 [6]
 

 .
 
 See also First Pac. Bankcorp., Inc. v. Helfer,
 
 224 F.3d 1117, 1128-29 (9th Cir.2000) (noting that "[t]he last of these criteria is the most important” and holding that judgment in action by shareholders of bank seeking accounting reports of bank’s financial condition from FDIC during FDIC receivership barred subsequent claims against FDIC because both suits arose from the bank's dissatisfaction with FDIC's accounting reports of its receivership).
 

 [7]
 

 . Bankruptcy courts and state courts have concurrent jurisdiction over all nondischarge-ability actions except those brought under Section 523(a)(2), (4), (6) and (15). For example, there is concurrent state and federal jurisdiction over Section 523(a)(5) nondis-chargeability actions, which are actions seeking to hold alimony or child support debts nondischargeable.
 
 In re Siragusa,
 
 27 F.3d 406, 408 (9th Cir.1994);
 
 See also In re Franklin,
 
 179 B.R. at 920 (discussing exclusive jurisdiction exception to the general rule of concurrent jurisdiction).