**In re William and Harriett CATES.**

**William and Harriett Cates, Plaintiffs,**

**v.**

**State of Arkansas Dept. of Finance & Administration, Defendant.**

Bankruptcy No. 3:01–BK–32104M.
Adversary No. 3:01–ap–3051.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Feb. 24, 2003.

Joe C. Barrett, Attorney at Law, Jonesboro, AR, for Debtors.

James C. Luker, Wynne, AR, U.S. Bankruptcy Trustee.

*MEMORANDUM OPINION*

JAMES G. MIXON, Chief Judge.

On October 22, 2001, William Loyd Cates and Harriett LeJune Cates ("Debt-

ors") filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. The State of Arkansas Department of Finance and Administration ("State of Arkansas") is scheduled as an unsecured nonpriority creditor holding a claim for taxes for the tax years 1989, 1990, and 1991 in the sum of $40,000.00.

On November 15, 2001, the Debtors commenced this adversary proceeding to determine the dischargeability of the $40,000.00 claim for taxes for the years 1989, 1990, and 1991. The State of Arkansas filed an answer generally denying that the taxes were dischargeable.

A trial on the merits of the complaint was held in Jonesboro, Arkansas, on October 1, 2002, and the parties submitted this matter to the Court upon written stipulation and oral argument. The State of Arkansas has filed a brief in this matter while the Debtors have not.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (2000), and the Court has jurisdiction to enter a final judgment in this case.

The stipulation by the parties included the following facts relevant to this proceeding. Prior to the current case filed October 22, 2001, the Debtors filed a previous petition for relief pursuant to chapter 7 on November 14, 1994. The discharge in the previous case was entered March 31, 1995, and the case was closed April 6, 1995.

The Debtors' tax returns for unpaid taxes were due as follows:

| Tax Year 1989 | Due May 15, 1990 | $ 24,273.96 |
| Tax Year 1990 | Due May 15, 1991 | $ 41,540.06 |
| Tax Year 1991 | Due May 15, 1992 | $131,439.50 |
| Tax Year 1992 | Due May 15, 1993 | $ 29,451.79 |
| Tax Year 1993 | Due May 15, 1994 | $ 26,502.86 |
| Tax Year 1994 | Due May 15, 1995 | $ 22,721.05 |

The tax returns for 1989 through 1994 were not filed when due, but were filed in February 1996 after the discharge was entered in the previous case. The Debtors argue that since the returns were not filed when due, the provisions of 11 U.S.C. § 523(a)(1)(B) apply. That subsection provides that a section 727 discharge does not discharge a tax debt, with respect to which a return was required but not filed. It also provides that a tax debt is not discharged if a return was required and "was filed after the date on which such return was last due . . . and after two years before the date of the filing of the petition." 11 U.S.C. § 523(a)(1)(B)(i) & (ii)(2000). The Debtors argue, therefore, that the taxes due for 1990–1994 are dischargeable since the returns were filed in February 1996, which was more than two years prior to the filing of the current bankruptcy on October 22, 2001.

The State of Arkansas contends that on the date the Debtors received a previous discharge on March 31, 1995, taxes were due for the tax years 1989 through 1993. Since the Debtors had not filed a return for those years, the tax debt was not discharged pursuant to section 523(a)(1)(B). The State of Arkansas argues these debts have already been determined to be nondischargeable in the prior bankruptcy; therefore, the principles of res judicata apply, and the issue cannot be re-litigated in a subsequent bankruptcy. No issue is raised opposing the dischargeability for the tax debt for 1995.

The State of Arkansas cites no authority for its argument. Research by this Court reveals no authority supporting the State of Arkansas' argument.

This issue requires the construction of the provisions of subsection 523(b) of the Bankruptcy Code. That section provides in relevant part that "Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1) . . . of this section . . . in a prior case

concerning the debtor under this title ... is dischargeable in a case under this title...." 11 U.S.C. § 523(b)(2000).

The editors of a leading treatise on bankruptcy have explained this subsection as it pertains to tax debt and certain other types of debts that were nondischargeable in a previous bankruptcy case. The editors state:

> Under section 523(b), certain debts that were excepted from discharge in an earlier case under the Code or former Bankruptcy Act are dischargeable in a later case unless the debts are excepted from discharge in the later case by the terms of section 523(a).

> The debts that fall within section 523(b) are those that were nondischargeable under Section 17a(1), (3) and (5) of the former Bankruptcy Act (taxes, debts not scheduled, and wages and commissions to the extent they are entitled to priority under Section 64), and debts that are nondischargeable under section 523(a)(1), (3) ... and (8) of the Code (taxes, debts not timely listed or scheduled, and student loans).

> The determination whether certain tax obligations ... are nondischargeable under section 523(a) in a bankruptcy case requires, in part, a determination whether a time limitation period has expired prior to the bankruptcy filing. If the applicable time limitation periods had not expired prior to the filing of an initial bankruptcy case, by the time a subsequent chapter 7 case has been filed, ... the time limitations periods may have expired.

> In such cases, section 523(b) does not except the debt from discharge even though it was nondischargeable in the prior case: the dischargeability of the debt in the subsequent case will depend upon whether it fell within any applicable exception under section 523(a) at the time of the second filing.

> ....

> The reason that those kinds of debts were excepted from discharge [in an earlier case] has nothing to do with any act involving dishonest dealing with the creditors. There is no sound reason why a debtor should be forever barred from having the debt discharged. The debtor should be able to file another bankruptcy petition, properly and timely schedule the debt, and receive the full benefit of the discharge.

4 Collier on Bankruptcy ¶ 523.25 (Alan N. Resnick & Henry J. Sommer, eds. 15th ed. rev.2002).

Several bankruptcy courts and commentators who have discussed subsection 523(b) have concurred with the editors of Collier on Bankruptcy with regard to the effect of the subsection. *See, e.g., Hatmaker v. Klasinski (In re Klasinski)*, 215 B.R. 181, 183 (Bankr.C.D.Ill.1997) (opining that subsection 523(b) permits the discharge of certain debts which were not discharged in a prior proceeding but would have been discharged had the case been filed at a later date); *Saler v. Saler (In re Saler)*, 205 B.R. 737, 749 (Bankr.E.D.Pa. 1997) (stating that the purpose of subsection 523(b) is to make dischargeable those debts not discharged in a prior case that would have been discharged if the case had been filed later) (citing *In re Cassidy*, 1995 WL 661244, *4 (Bankr.N.D.Ga.1995), *aff'd*, 217 B.R. 166 (E.D.Pa.1998)); *Royal Am. Oil & Gas Co. v. Szafranski (In re Szafranski)*, 147 B.R. 976, 988 (Bankr. N.D.Okla., 1992) (recognizing that subsection 523(b) allows for updating and reconsidering tax debt in a later case when exception to discharge of the debt in an earlier case did not result from debtor dishonesty).

See also Robert Laurence, "A Trio of Small, Conversation–Inspired Bankruptcy Issues," 1999 Ark. L. Notes 79, 87 (1999). In explaining why res judicata does not apply to certain previously excepted tax debts, Professor Laurence approaches subsection 523(b) by emphasizing that certain tax debts shift from priority to nonpriority status with the passage of time. He states that

> it is clear why § 523(b)'s general principle of res judicata should not apply to most applications of § 523(a)(1)'s exception to discharge: in the debtor's second bankruptcy, in, say, 2002, the 1996 taxes, if still unpaid, will no longer be priority taxes because they will no longer be recent enough to merit that protection. If not priority, then they are dischargeable in the second bankruptcy, notwithstanding their non-dischargeability in the first bankruptcy.

This Court concurs in the logic of the above-cited bankruptcy courts and commentators. Therefore, the tax debt for the years 1989, 1990, 1991, 1992, and 1993 are dischargeable pursuant to 11 U.S.C. § 523.[1]

IT IS SO ORDERED.

---

1. The State of Arkansas notes in its brief the Debtor's pattern of failing to pay taxes due the State of Arkansas and the Debtor's habit of not filing timely returns. The State of Arkansas alleges bad faith. However, the State of Arkansas did not file a complaint to determine dischargeability under 11 U.S.C. § 523(a)(C) (2000) (willfully attempting in any manner to evade or defeat such tax). *See, e.g., In re Lewis,* 151 B.R. 140 (Bankr. W.D.Tenn.1992) (holding debtor's pattern of nonpayment of taxes established willfulness).