In re Jose U. GARCIA and Gloria Torres–Garcia, Debtors.

Bankruptcy Recovery Network, Appellant,

v.

Jose U. Garcia and Gloria Torres–Garcia, Appellees.

BAP No. NV–04–1036–MoSMa.
Bankruptcy No. 02–18248–LBR.
Adversary No. 02–01357–LBR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 24, 2004.

Filed Aug. 23, 2004.

308

Richard W. Snyder, Tustin, CA, for Bankruptcy Recovery Network.

Before MONTALI, SMITH and MARLAR, Bankruptcy Judges.

## AMENDED OPINION [1]

MONTALI, Bankruptcy Judge.

The debtors in the Nevada case before us were previously debtors in a Chapter 7 case in California where the creditor filed a nondischargeability action against them, alleging that its claim was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)

and (6).[2] The California bankruptcy court entered a default judgment but did not state specifically that the judgment amount was nondischargeable.

When the debtors later filed a second Chapter 7 case in Nevada, the creditor filed another nondischargeability action seeking a declaration that the liability in the California default judgment was nondischargeable. The Nevada bankruptcy court entered judgment in favor of the debtors, holding that the California default judgment had no preclusive effect because it did not specifically state that the debt was nondischargeable. The creditor appeals, and we REVERSE and REMAND for entry of a judgment consistent with this decision.

## I.

### FACTS

In 1993, Jose U. Garcia and Gloria Torres–Garcia ("Debtors") filed a Chapter 7 petition in the United States Bankruptcy Court for the Southern District of California. On November 8, 1993, Bankruptcy Recovery Network ("Appellant") filed a complaint in the California bankruptcy court for a determination of dischargeability of debt under section 523(a)(2)(A) and (a)(6).[3] The complaint asserted only two

---

1. By separate order, the Panel has redesignated its original Opinion in this matter (issued on July 28, 2004) "as a decision that is not for publication." This Amended Opinion contains only slight modifications and does not change the result.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

3. The California complaint alleges that Appellant is the "successor-in-interest" to Kay Jewelers and Weisfield Jewelers. The complaint

further alleges that the Debtors' obligations to Kay Jewelers and Weisfield Jewelers (and, thus, to Appellant) were nondischargeable because Debtors had acquired jewelry "by actual fraud, false pretenses and false representations," or, alternatively, had "knowingly and willfully misappropriat[ed] and convert[ed]" the jewelry. Section 523(a)(2)(A) prevents the discharge of a debt for property obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Section 523(a)(6) excepts from discharge a debt "for willful and malicious inju-

claims for relief: both for declarations of nondischargeability of the debt (but under different subsections of 523). No other specific relief was sought other than a prayer for prejudgment interest and reasonable attorneys' fees.[4]

On January 20, 1994, the California bankruptcy court entered a judgment by default (the "Default Judgment").[5] The Default Judgment provided that "[Appellant] shall recover against [Debtors] the sum of [$6,362.65 in damages and $120.00 in court costs]." The Default Judgment did not expressly state that the judgment amount was nondischargeable. Debtors did not appeal the Default Judgment, which is now final.

Debtors filed another Chapter 7 petition in 2002 in the United States Bankruptcy Court for the District of Nevada. Appellant filed another complaint for nondischargeability against Debtors, setting forth the history of the Default Judgment. Appellant again alleged that Debtors' obligations to it were nondischargeable pursuant to section 523(a)(2)(A) and (a)(6). In addition, Appellant alleged that the debt was nondischargeable under section 523(a)(10), which prevents the discharge of obligations which were or could have been scheduled in a prior case in which a debtor waived discharge or was denied discharge under section 727.[6] Appellant appended copies of the California complaint and default judgment to the Nevada complaint, and alleged that "based upon the prior determination of non-dischargeability . . . in [the California action], the debt in question is res judicata non-dischargeable, pursuant to [section] 523(a)(10)."

The Nevada bankruptcy court held a trial and entered its findings of fact and conclusions of law holding that the debt was dischargeable. In so holding, the court concluded that the dischargeability of the debt was not adjudicated or determined in the California bankruptcy case and that the doctrine of claim preclusion was thus inapplicable. The court therefore considered the merits of Appellant's section 523 claims and ruled in favor of Debtors. On December 24, 2003, the court entered a judgment in favor of Debtors declaring the debt to Appellant to be dischargeable. Appellant filed its notice of appeal on December 30, 2003. On appeal, Appellant challenges only the bankruptcy

---

ry by the debtor to another entity or to the property of another entity."

4. The prayer of the complaint in the California action stated:

"WHEREFORE, Plaintiff respectfully prays as follows:
1. That the debt owed to Plaintiff be deemed and adjudged nondischargeable pursuant to 11 U.S.C. section 523(a)(2)(A);
2. That the debt owed to Plaintiff be deemed and adjudged nondischargeable pursuant to 11 U.S.C. section 523(a)(6);
3. For pre-judgment interest from August 6, 1993 through and including the date of entry of judgment;
4. For reasonable attorneys' fees incurred in bringing this action; and
5. For such other and further relief the Court may deem just and proper."

5. According to the Findings of Fact and Conclusions of Law entered by the Nevada bankruptcy court on December 24, 2003, Appellant produced evidence that it served the California complaint on Debtors at their California address.

6. Section 523(a)(10) is inapplicable here, as Debtors did receive their discharge in the 1993 California bankruptcy. Surprisingly, Appellant did not cite to section 523(b), quoted *infra* at footnote 5. We have held that the implicit effect of section 523(b) is that " 'a debt that was excepted from discharge' on some theory other than the eight enumerated grounds [not applicable here] 'in a prior case concerning the debtor under this title is' not dischargeable in a second case." *Paine v. Griffin (In re Paine),* 283 B.R. 33, 37 (9th Cir. BAP 2002).

court's refusal to apply the doctrine of claim preclusion; it does not challenge the court's factual findings on the merits of its section 523 claim.

## II.

### ISSUE

Did the bankruptcy court err in not giving preclusive effect to the Default Judgment?

## III.

### STANDARD OF REVIEW

■ We review *de novo* the preclusive effect of a judgment; the issue presents a mixed question of law and fact in which the legal questions predominate. *The Alary Corp. v. Sims (In re Associated Vintage Group, Inc.)*, 283 B.R. 549, 554 (9th Cir. BAP 2002).

## IV.

### DISCUSSION

■ In general, a determination of non-dischargeability in one bankruptcy case bars redetermination of that issue in a subsequent bankruptcy case. "In other words, once nondischargeable, always nondischargeable." *Paine*, 283 B.R. at 37 ("The rule is that res judicata principles apply in bankruptcy so that once a debt is 'excepted from discharge' in a judgment that meets the requirements for preclusion, it is, except for the eight exceptions named in [section] 523(b), 'excepted from discharge' in all subsequent chapter 7 cases without need for an independent ba-

sis for excepting the debt from discharge in the later case."). *See also Hatmaker v. Klasinski (In re Klasinski)*, 215 B.R. 181, 183 (Bankr.C.D.Ill.1997) (judgment in prior nondischargeability action bars relitigation of dischargeability in subsequent case, even where prior judgment does not contain the "magic word 'nondischargeable' "; dischargeability of debt was clearly the central issue of prior adversary proceeding); *Royal American Oil and Gas Co. v. Szafranski (In re Szafranski)*, 147 B.R. 976, 988 (Bankr.N.D.Okla.1992) (a debtor is "forever barred" from discharging a debt determined to be nondischargeable, except for those exceptions [not applicable here] set forth in section 523(b)).[7]

■ The foregoing cases apply the doctrine of res judicata or claim preclusion to prevent a debtor from challenging (other than through appropriate appellate channels or through appropriate motions for relief under rules such as Rule 9024, incorporating Federal Rule of Civil Procedure 60) the nondischargeability of a debt once judgment has been entered against him or her in a prior nondischargeability action. As stated in *Paine*, 283 B.R. at 38, " 'claim preclusion' includes doctrines of merger and bar that foreclose litigation of matters that have never been litigated and has often been called 'res judicata' in a non-generic sense." "Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from *relitigating all issues connected with the action that were*

---

7. Section 523(b) provides:
   (b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the ·Higher Education Act of 1965, or under section 733(g)

of the Public Health Service Act in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.·

*or could have been raised in that action."* [8] *Rein v. Providian Fin'l Corp.,* 270 F.3d 895, 898–99 (9th Cir.2001) (emphasis added); *see also Littlejohn,* 321 F.3d at 919–20 (holding that claim preclusion prevents application of defenses which could have been asserted in prior action). Claim preclusion is applicable where "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits." *Id.,* citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001).

The bankruptcy court correctly acknowledged in its findings of fact and conclusions of law that the doctrine of claim preclusion (as opposed to issue preclusion) [9] is relevant in this case and default judgments are entitled to preclusive effect under that doctrine. *See Morris v. Jones,* 329 U.S. 545, 550–51, 67 S.Ct. 451, 91 L.Ed. 488 (1947) (a "judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion, even if

obtained upon a default"). The bankruptcy court, however, concluded that claim preclusion is inapplicable here because the California bankruptcy court "did not render a final judgment as to non-dischargeability." We disagree.

Three of the four elements of claim preclusion ineluctably exist here. The California action and the Nevada action involve the identical parties and the identical causes of action (nondischargeability of debt under section 523(a)(2) and (6)). The California court had subject matter jurisdiction and personal jurisdiction in the prior adversary proceeding; the Nevada court acknowledged that Appellant had produced evidence that it had served the California complaint on Debtors at their California address. Therefore, the issue presented in this appeal is whether the Default Judgment constituted a final judgment on the merits even though it did not specifically state that Debtors' obligation to Appellant was nondischargeable.

Default judgments are considered "final judgments on the merits" and are thus effective for the purposes of claim preclusion.[10] *Howard v. Lewis,* 905 F.2d

---

8. Claim preclusion thus applies both to plaintiffs and defendants in the prior action. The Ninth Circuit has recognized that claim preclusion operates to bar *defenses* that could have been asserted in a prior proceeding. *Littlejohn v. United States,* 321 F.3d 915, 919–20 (9th Cir.2003) ("Claim preclusion prevents the relitigation of claims previously tried and decided. *It bars the subsequent application of all defenses* that could have been asserted in a previous action between the same parties on the same cause of action, even if such contentions were not raised.") (Emphasis added and citations omitted). "If the plaintiff wins [in the first action], the entire claim is merged into the judgment; the plaintiff cannot bring a second independent action for additional relief, and the defendant cannot avoid the judgment by offering new defenses." 18 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4406.

9. The Supreme Court has explained the distinctions between claim and issue preclusion:

> [W]e use the term "claim preclusion" to refer to "res judicata" in a narrow sense, i.e., the preclusive effect of a judgment in foreclosing litigation of matters that should have been raised in an earlier suit. In contrast, we use the term "issue preclusion" to refer to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."

*Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 376 n. 1, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

10. The rationale for treating default judgments as final judgments on the merits is set forth in one leading treatise on federal procedure:

> Valid default judgments establish claim and defense preclusion in the same way as

1318, 1323 (9th Cir.1990) (citing *Morris v. Jones* and noting that a default judgment *"is* considered to be a determination on the merits for purposes of res judicata") (emphasis in original). Consequently, the Default Judgment is a final judgment on the merits for the purposes of claim preclusion. The fact that the California bankruptcy court did not specifically state that the debt was nondischargeable does not change this analysis.

First, under the doctrines of merger and bar (as incorporated by the doctrine of claim preclusion), all of the claims pled in the original California complaint were merged into the Default Judgment, thus foreclosing litigation of matters that should have been raised in that action. More particularly, under the doctrine of merger, Debtor is barred from asserting defenses that should have been raised in the prior proceeding. *See Littlejohn,* 321 F.3d at 919–20; *Restatement (Second) of Judgments* at § 18(2);[11] *see also Marrese,* 470 U.S. at 376 n. 1, 105 S.Ct. 1327; *Rein,* 270 F.3d at 898–99. Appellant alleged in the California action that the debt was nondischargeable; in fact, this allegation constituted the only substantive request for relief. Therefore, the judgment precludes any defenses that could have been raised against those allegations.[12] Secondly, inasmuch as Debtors were in Chapter 7, the California bankruptcy court could not have entered a money judgment against them unless the debt had been nondischarge-

---

litigated judgments, and are equally entitled to enforcement in other jurisdictions. This consequence follows from the basic functions of default judgments. In one aspect, default judgments afford an opportunity to surrender without incurring the costs of litigation, either because the claim is thought valid or because the cost of litigation seems greater than the probability and rewards of success. Plaintiffs could not afford to accept this surrender if the resulting judgment were not final. Denial of preclusion would force unwanted and often one-sided litigation that both parties would prefer to avoid. In another aspect, default judgments provide the sanction that compels defendants to play the game and abide by the rules. Claim and defense preclusion are necessary to make the sanction effective.

18A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4442.

11. Section 18 of the *Restatement (Second) of Judgments* provides:

When a valid and final personal judgment is rendered in favor of the plaintiff:

(1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment; and

(2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.

Appellant's request that the Nevada court recognize and honor the judgment in the California action is essentially an action upon the California default judgment. Appellant sought a determination that the Nevada discharge did not discharge the California judgment. This is not prohibited by subparagraph (1) above. Moreover, under subparagraph (2), Debtors were unable to assert defenses that they could have interposed in the California action.

12. In requiring the Default Judgment to contain a specific finding of nondischargeability, the bankruptcy court was in effect imposing an additional criterion for application of the doctrine of claim preclusion: that the prior court specifically address all allegations of a complaint (or "actually litigate and decide" all issues). In other words, the court was imposing the requirement of "actual litigation" of an issue, which is a requirement for issue preclusion. *Paine,* 283 B.R. at 39. Claim preclusion, however, does not require the court issuing the prior decision to explain its reasoning; it is sufficient that the claims being precluded were presented to the initial court by complaint or other pleading. 18A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4435 ("it should be clear that a decision may be 'on the merits' even though it is reached by unpublished opinion, or without opinion or other explanation").

able; in other words, the bankruptcy court necessarily had to conclude that the debt was nondischargeable in order to enter the money judgment. *See Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1017–18 (9th Cir.1997) ("... it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the nondischargeable debt"). Since the California action did not involve the Chapter 7 trustee or any other parties, we know of no purpose that would have been served by entry of a money judgment on a prepetition debt that was discharged in the very same bankruptcy. Consequently, because nondischargeability was the focus of the California action, the California court did not have to use the magic word "nondischargeable" when it entered the money judgment, especially where it could not have entered a money judgment unless the debt had been nondischargeable. *See Klasinski*, 215 B.R. at 183 (prior nondischargeability judgment bars relitigation of dischargeability in subsequent case, even absent specific finding that the debt was nondischargeable).

■ Because all of the elements for claim preclusion (identical causes of action, identical parties, final judgment on the merits, and exercise of appropriate jurisdiction by the court issuing the Default Judgment) exist here, the bankruptcy court erred in not giving the Default Judgment preclusive effect. Even if the Default Judgment had been entered in error, the bankruptcy court should have honored it. *Paine*, 283 B.R. at 39; *Federated Department Stores v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (the preclusive "consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong"). Therefore, the

bankruptcy court erred in refusing to apply claim preclusion to the Default Judgment and in allowing Debtors to assert defenses which should have been precluded.

## V.

## CONCLUSION

In light of the foregoing, we REVERSE and REMAND for the bankruptcy court to enter a judgment in favor of Appellant in accordance with this decision.[13]

---

**13.** Whether Debtors may be able to seek relief from the Default Judgment in the California

bankruptcy court is not before us and we express no opinion as to such a possibility.