**In re Stan C. MONCUR; Marilyn Moncur, Debtors.**

**Stan C. Moncur; Marilyn Moncur, Appellants,**

v.

**Agricredit Acceptance Co.; Forrest Hymas, Chapter 12 Trustee, Appellees.**

**BAP No. ID–04–1423–KSB.**
**Bankruptcy No. 98–03213.**
**Adversary No. 99–06010.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 23, 2005.

Filed June 6, 2005.

Before: KLEIN, SMITH, and BRANDT, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

The debtors appeal the renewal of a money judgment that was excepted from discharge under 11 U.S.C. §§ 523(a)(2) and (6) in the first of their two bankruptcy cases. They argue that the debt lost its nondischargeable status when the judgment creditor did not file another nondischargeability action in their second bankruptcy case. We agree with the bankruptcy court that the doctrines of claim and issue preclusion obviated the need for repetitive nondischargeability actions and that the chapter 7 discharge order could not provide otherwise. AFFIRMED.

## FACTS

Appellants, Stan and Marilyn Moncur, were debtors in a chapter 12 bankruptcy case from September 1998 until March 2000, and then again in a chapter 7 case from September 2001 until March 2002, in which they received a chapter 7 discharge.

In the chapter 12 case, the appellants stipulated to a money judgment, excepted from discharge under §§ 523(a)(2) and (6), in favor of appellee, Agricredit Acceptance Company ("Agricredit"). The judgment became final.

In the second bankruptcy, the court used a local form of discharge order that deviated from Official Form 18 ("The debtor is granted a discharge under [11 U.S.C. § 727]") by adding:

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following: ... (b) unless heretofore and hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under [11 U.S.C. § 523(a) ](2), (4), (6), & (15) ...

Agricredit did not file an adversary proceeding in the chapter 7 case to have the debt again excepted from discharge.

On June 10, 2004, more than two years after the second bankruptcy case was closed, Agricredit filed the motion required by Idaho Code § 10–1111 to renew the nondischargeable money judgment it had obtained during the chapter 12 case.

The appellants opposed the motion to renew. They contended that the terms of the discharge order in the second case, especially the phrase "determined by order of this court to be nondischargeable," meant that the judgment debt was discharged because Agricredit did not file an adversary proceeding in the second case to except the debt from discharge.

The court invoked our preclusion decision, *Paine v. Griffin (In re Paine)*, 283

B.R. 33 (9th Cir. BAP 2002), and construed its local-form discharge order, holding that a second adversary proceeding was not required. This timely appeal ensued.

## JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158(a)(1).

## ISSUES

1. Whether a judgment of nondischargeability under 11 U.S.C. §§ 523(a)(2) and (6) obtained in one bankruptcy case remains enforceable in the face of the chapter 7 discharge of the same debtor in a subsequent bankruptcy case without the need to file an adversary proceeding in the second case.

2. Whether language in the chapter 7 discharge order entered in the second bankruptcy necessitated a second adversary proceeding not otherwise required by the Bankruptcy Code.

## STANDARD OF REVIEW

■ We review rulings regarding the availability of res judicata doctrines, including claim and issue preclusion, de novo as mixed questions of law and fact in which legal questions predominate. *Robi v. Five Platters, Inc.,* 838 F.2d 318, 321 (9th Cir. 1988); *Alary Corp. v. Sims (In re Assoc. Vintage Group, Inc.),* 283 B.R. 549, 554 (9th Cir. BAP 2002).

## DISCUSSION

### I

■ The first issue logically follows upon our decision in *Paine,* in which we explained and held that 11 U.S.C. § 523(b) is a limited statutory modification of the common law preclusion rules regarding the effect of a valid and final judgment.

### A

■ Section 523(b) indirectly acknowledges that, except for the several exceptions stated therein, the general rule is that if a particular debt is determined to be nondischargeable in a valid and final judgment by a court with jurisdiction and from which there was an opportunity to appeal, then the debt is always nondischargeable on the basis determined in the judgment. *Paine,* 283 B.R. at 37–38. In other words: once nondischargeable, always nondischargeable.[1]

The procedural posture of *Paine* was that the debtors in a 2001 chapter 7 case filed an adversary proceeding to establish that a judgment debt that had been excepted from discharge in their 1995 chapter 7 case was discharged in the second case. The court excepted the debt from discharge in the second case in reliance on 11 U.S.C. § 523(a)(10), which section does not refer to nondischargeable debts. On appeal, we declined to reach the debatable § 523(a)(10) question because it was plain that claim-and issue-preclusion (which were raised but not decided in the bank-

---

**1.** Section 523(b) provides:

(b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

11 U.S.C. § 523(b).

ruptcy court) dictated the result. *Id.* at 36–37.

We have, in more complex circumstances, applied *Paine* and held that claim preclusion may prevent §§ 523(a)(2) and (6) relitigation in a second chapter 7 case of a judgment debt entered in a prior bankruptcy. *Bankr. Recovery Network v. Garcia (In re Garcia)*, 313 B.R. 307, 310 (9th Cir. BAP 2004).

In this instance, unlike *Paine* and *Garcia*, nobody filed an adversary proceeding in the second bankruptcy. Rather, after the second case closed, the debtors raised the discharge issue in an effort to block renewal of the money judgment.

The appellants argue that the creditors were required to refresh their nondischargeable status with a timely adversary proceeding in the second bankruptcy in order to preserve the claim- and issue-preclusive effects of the valid and final nondischargeable money judgment entered in the first bankruptcy case. We are not persuaded and see this as a straightforward preclusion situation in which claim and issue preclusion overlap, the precise question having been litigated and decided.

### 1

A foundational requirement for preclusion is that there must be a judgment by a court that has both jurisdiction of the subject matter and jurisdiction over the person. RESTATEMENT (SECOND) OF JUDGMENTS § 1 ("RESTATEMENT (SECOND)").[2]

### a

The subject-matter jurisdiction aspect of the valid judgment foundation has two facets, the first of which is that the court must have jurisdiction over the specific subject matter.[3]

As relevant here, a bankruptcy court has subject-matter jurisdiction to resolve § 523 dischargeability questions in cases pending before it, and, for §§ 523(a)(2), (4), (6), and (15), such jurisdiction is exclusive. *Compare* 28 U.S.C. § 1334(b), *with* 11 U.S.C. § 523(c); *Fid. Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 920–23 (Bankr.E.D.Cal.1995).

The second facet of the subject-matter jurisdiction foundation for a valid judgment is that the issue must be justiciable. This concept subsumes such doctrines as ripeness, standing, mootness, and advisory opinions that are all regarded as jurisdictional in nature. *See* 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3529 (2d ed.1984 & Supp.2004).

The doctrines regarding ripeness and advisory opinions underlie the reasoning of decisions holding that no court, not even a bankruptcy court, can adjudicate the dischargeability of a debt of a person who is not yet a debtor in a bankruptcy case. *Hansbrough v. Birdsell (In re Hercules Enters., Inc.)*, 387 F.3d 1024, 1029 (9th Cir.2004); *Citizens' Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1025 (5th Cir.1991). Such a judgment would not be

---

**2.** That section provides:

§ 1. Requisites of a Valid Judgment

A court has authority to render judgment in an action when the court has jurisdiction of the subject matter of the action, as stated in § 11, and

(1) The party against whom judgment is to be rendered has submitted to the jurisdiction of the court, or

(2) Adequate notice has been afforded the party, as stated in § 2, and the court has territorial jurisdiction of the action, as stated in §§ 4 to 9.

RESTATEMENT (SECOND) OF JUDGMENTS § 1.

**3.** The general requirement is:

A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.

RESTATEMENT (SECOND) OF JUDGMENTS § 11.

a valid judgment for purposes of preclusion with respect to dischargeability.

Thus, for example, the bankruptcy court in *Hansbrough* was entitled to make a binding monetary sanctions award against the debtor's principal but could not make a binding determination that the sanctions award necessarily would be excepted from discharge under § 523 if that individual were to file a bankruptcy case in the future. *Hansbrough*, 387 F.3d at 1029.

Before bankruptcy, then, the most a court can do with respect to dischargeability is to determine issues properly before it that may be elements of § 523(a) dischargeability claims. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Hansbrough*, 387 F.3d at 1029. To be sure, as in *Grogan*, the issue determined may be all but dispositive of the discharge exception issue.

### b

The personal jurisdiction aspect of the valid judgment foundation is easily satisfied with respect to a debtor in a pending bankruptcy case. The debtor either submitted to jurisdiction of the bankruptcy court by filing a voluntary bankruptcy or was subjected to jurisdiction when being adjudicated an involuntary debtor. RESTATEMENT (SECOND) § 1(1).

### 2

Another foundational requirement for preclusion is that, in addition to being a valid judgment, it must also be final.[4]

In this instance, for example, the judgment entered during the first bankruptcy case was duly entered on docket and was exposed to the possibility of appeal. There was nothing left for the parties to litigate.

### 3

It is apparent that the judgment in question was a "valid and final" judgment for purposes of preclusion. The bankruptcy court had exclusive subject-matter jurisdiction over the issues under §§ 523(a)(2) and (6). Those issues were ripe and, hence, justiciable because the defendants in the adversary proceeding were debtors in that bankruptcy case. For the same reason, the bankruptcy court also had personal jurisdiction. It follows that the judgment entered in the debtors' first bankruptcy case was entitled to have both claim- and issue-preclusive effect.

### B

Having established general eligibility of the first bankruptcy court's judgment for preclusive effect, the question regarding the second bankruptcy case becomes whether the requirement in § 523(c)(1) that "the court" resolve dischargeability issues under §§ 523(a)(2), (4), (6), and (15) refers only to the second bankruptcy court.[5] In other words, under the debtors' theory, these so-called § 523(c)(1) dis-

---

4. This requirement is:

    § 13. Requirement of Finality.
    The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue that is determined to be sufficiently firm to be accorded conclusive effect.

    RESTATEMENT (SECOND) OF JUDGMENTS § 13.

5. Section 523(c)(1) provides:

    Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

    11 U.S.C. § 523(c)(1).

chargeability issues would have to be relitigated in each consecutive bankruptcy in which a discharge is available.

*Paine* and *Garcia,* by applying preclusion doctrines, implicitly resolved that question in the negative. We now hold that the term "the court" in § 523(c)(1) means a bankruptcy court with subject-matter and personal jurisdiction over a debtor in a bankruptcy case pending before it.

■ It is axiomatic that §§ 523(b) and (c)(1) must be construed so as to be in harmony. The gravamen of § 523(b) is premised on the general rule once a debt is nondischargeable under any theory not enumerated as an exception in § 523(b), it is always nondischargeable.

As noted above, § 523(c)(1) provides for exclusive federal subject-matter jurisdiction in bankruptcy court over the four discharge-exception grounds— §§ 523(a)(2), (4), (6) and (15) [6]—designated therein. Specifically, the operative language "unless *the court* determines such debt to be excepted from discharge," which was carried forward from a 1970 amendment to the prior Bankruptcy Act, is understood to deprive nonbankruptcy courts of jurisdiction. *Compare* 28 U.S.C. § 1334(b), *with id.* § 523(c)(1) (Bankruptcy Code), *and with* Act of Oct. 19, 1970, Pub.L. 91–467, 84 Stat. 992–93, *amending* Bankruptcy Act § 17, *codified at* 11 U.S.C. § 35(c) (1976) (repealed 1979); *Grogan,* 498 U.S. at 284 n. 10, 111 S.Ct. 654; *Brown v. Felsen,* 442 U.S. 127, 136–37 & n. 7, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Franklin,* 179 B.R. at 920–23 (detailing analysis).

The history of the enactment of the original exclusive jurisdiction provision in 1970

and the manner in which it was carried forward into the Bankruptcy Code indicate that the reference to "the court" in § 523(c)(1) contemplates a bankruptcy court before which a bankruptcy case involving the debtor is pending at the time the decision is rendered. *Franklin,* 179 B.R. at 920–23.

Section 523(c)(1) does not, however, necessarily mean that a separate determination must be made each time the debtor is the subject of a bankruptcy case in which a discharge is permitted. Nothing in § 523(c)(1) purports to trump or vary the terms of the general issue and claim preclusion provisions of § 523(b).

It follows that § 523(c)(1) allocates subject-matter jurisdiction in a manner that ordinarily thwarts application of preclusion doctrines to a judgment to the extent it purports to establish the dischargeability of such a debt. *Brown,* 442 U.S. at 136 & 138–39, 99 S.Ct. 2205.

Although the exclusive-jurisdiction dischargeability problem is an example of a situation in which the doctrines of claim and issue preclusion overlap, either analysis leads to the same result that further illustrates why the result in the instance of a prior bankruptcy court with jurisdiction is different.

First, as explained above, a "valid and final" judgment regarding dischargeability cannot be rendered with respect to one who is not yet a debtor and, in the instance of the four exclusive-jurisdiction dischargeability issues, only a bankruptcy court could do so and then only regarding a debtor in a case before it. *Hansbrough,* 387 F.3d at 1029.

Second, even if one were to ignore the "valid and final" judgment requirement,

---

**6.** Actions under § 523(a)(15) are deleted from § 523(c)(1) as of the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, § 215, 119 Stat. 23 (2005) (amending 11 U.S.C. § 523(c)(1)).

there are other hurdles to clear before imposing preclusion.

Treated as a matter of claim preclusion, even though the discharge question may arise out of the common nucleus of operative facts that ordinarily would implicate the general rule concerning splitting claims and application of the concepts of merger and bar,[7] an exception to the general rule concerning splitting applies when the prior court suffers from a jurisdictional constraint. RESTATEMENT (SECOND) § 26(1)(c).[8] Thus, the lack of jurisdiction ordinarily blocks imposition of claim preclusion. Here, however, the unusual circumstance of the existence of all facets of jurisdiction in the bankruptcy court that rendered the initial judgment makes claim preclusion applicable in this instance. *Garcia,* 313 B.R. at 313; *Paine,* 283 B.R. at 39–40.

Viewing the §§ 523(a)(2) and (6) nondischargeability issues through the prism of issue preclusion involves similar analysis and yields a similar conclusion. The two issues are issues that previously were actually litigated and decided and, being part of the essence of the judgment, were essential to the decision. Hence, they are eligible for issue preclusion. RESTATEMENT (SECOND) § 27.[9] Ordinarily, an exception based on jurisdictional constraints defeats issue preclusion on a bankruptcy dischargeability issue. RESTATEMENT (SECOND) § 28(3).[10] Here, however, the prior

7. The basic rule is:

§ 24. Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"
(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18,19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.
The general rule of this Section is exemplified in § 25, and is subject to the exceptions stated in § 26.
RESTATEMENT (SECOND) OF JUDGMENTS § 24.

8. The pertinent exception is:

§ 26. Exceptions to the General Rule Concerning Splitting
(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
. . .
(c) The plaintiff was *unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction* of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief;
RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(c) (emphasis supplied).

9. The general rule of issue preclusion is:

§ 27. Issue Preclusion—General Rule
When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.
Exceptions to this general rule are stated in § 28.
RESTATEMENT (SECOND) OF JUDGMENTS § 27.

10. The pertinent exception is:

§ 28. Exceptions to the General Rule of Issue Preclusion

bankruptcy court had jurisdiction over the issues, which were justiciable at the time that it actually and necessarily decided them. Thus, this is one of those unusual instances in which the garden-variety application of issue preclusion is operative.

The consequence is that the judgment creditor is entitled to assert claim and issue preclusion in the judgment renewal proceeding to preclude the judgment debtors from contending that their debt was discharged in the second bankruptcy case.

## II

■ This brings us to the question whether the terms of the discharge order in the second bankruptcy alters the otherwise applicable effect of the prior judgment.

The question is whether the following language contained in the local form discharge order, independent of the terms of the Bankruptcy Code, requires a second adversary proceeding:

> Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following: . . .
> (b) unless heretofore and hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under [11 U.S.C. § 523(a) ](2),(4),(6), & (15) . . .

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
> . . .
> (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by *factors relating to the allocation of jurisdiction* between them;

The bankruptcy court held that this language from its local form, which appears to have been inspired by § 14f of the Bankruptcy Act of 1898,[11] did not mean quite as much as it appeared to say. We agree for two independent reasons.

■ First, we defer to the bankruptcy court's construction and interpretation of its own orders and local rules and forms. It created the order and is entitled to opine as to what it meant. *E.g., Guam Sasaki Corp. v. Diana's, Inc.,* 881 F.2d 713, 715 (9th Cir.1989); *Katz v. Pike (In re Pike),* 243 B.R. 66, 69 (9th Cir. BAP 1999).

■ Moreover, as a matter of law, a discharge order entered in a chapter 7 case cannot change the statutory terms of the discharge entered pursuant to 11 U.S.C. § 727, which are as specified at 11 U.S.C. § 524. Those sections do not empower the court either to "provide otherwise" or to carve out exceptions other than the debts that are authorized by the Bankruptcy Code to be excepted from discharge.

Official Form 18 has been prescribed by the Judicial Conference of the United States as the form suitable for a chapter 7 discharge and provides, in its entirety:

> It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

RESTATEMENT (SECOND) OF JUDGMENTS § 28(3) (emphasis supplied).

11. Bankruptcy Act § 14f began:
   (f) An order of discharge shall—
      (1) declare that any judgment theretofore or thereafter obtained in any other court is null and void as a determination of the personal liability of the bankrupt with respect to any of the following: . . .
   Bankruptcy Act § 14f, *codified at* 11 U.S.C. § 32(f) (1976), *repealed 1979.*

Official Form 18. At the bottom of the form is the notation: "See the back of this order for important information."

The reverse side of Official Form 18 sets out a general explanation of the terms of the discharge in a chapter 7 case that covers essentially the same information as the language of the local form. It is more detailed than the local form, is couched in nuanced terms of general rules subject to exceptions, and advises consultation with counsel to determine the exact effect of the discharge.

The order of discharge is required to conform to Official Form 18. Fed. R. Bankr.P. 4004(e). Moreover, Official Forms are required to be "observed and used with alterations as may be appropriate." Fed. R. Bankr.P. 9009.

■ For the same reason that a local rule may be invalid, it is "inappropriate," hence impermissible, for a local alteration in an Official Form to have the effect of varying the terms of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure. Fed. R. Bankr.P. 9029; *Steinacher v. Rojas (In re Steinacher)*, 283 B.R. 768, 772–73 (9th Cir. BAP 2002) (invalid local rule); *Garner v. Shier (In re Garner)*, 246 B.R. 617, 624 (9th Cir. BAP 2000) (test for validity of local rule).

This case illustrates the risks that can result from well-intended alterations and perhaps helps to prove the adage that no good deed goes unpunished.

In sum, we conclude the language of the local form of the discharge order did not, and could not, change the terms of the Bankruptcy Code and otherwise applicable law.

### CONCLUSION

The bankruptcy court correctly granted Agricredit's motion to renew its nondischargeable money judgment. The judg-

ment entered in the first bankruptcy case remained effective in the second bankruptcy. The terms of the local-form discharge order did not, and could not, change that result. AFFIRMED.