**In Re: Jack/Shannon BASFORD, Debtor(s)**

**Patricia Kovacs, Trustee Plaintiff(s)**

**v.**

**Jack Basford, III, et al. Defendant(s).**

**No. 06–3065.**

United States Bankruptcy Court, N.D. Ohio.

July 13, 2006.

Phillip P Taylor, Lorain, OH, for Shannon Basford, Jack Basford, III.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court on the Plaintiff/Trustee's motion for Summary Judgment on her complaint to determine

dischargeability. Both Defendants and the Plaintiff filed memoranda in support of their respective positions on the Motion. The Court has now had the opportunity to consider the arguments presented by the Parties, and finds, for the reasons now explained, that the Plaintiff's motion for Summary Judgment should be Granted.

## FACTS

In February of 2003, the Defendants filed a Chapter 7 bankruptcy petition in the Eastern Division of the Northern District of Ohio. The Parties agree that during the administration of this case, Steven S. Davis, the trustee assigned to the 2003 case filed a complaint to deny discharge because the Defendants failed to comply with a court order. A default judgment was entered. This judgment was neither appealed nor sought to be set aside by the Defendants.

In 2005, the Defendants/Debtors filed a Chapter 7 bankruptcy petition in this Court. In their present bankruptcy case, the Defendants seek to discharge several of the same debts from their prior Chapter 7 case in which their discharge was denied. With respect to these debts, the Plaintiff/Trustee appointed to the present case brought the instant action, seeking a determination of nondischargeability under 11 U.S.C. § 523(a)(10). This section generally "excepts from discharge debts that the debtor owed before a prior bankruptcy case of the debtor in which the debtor waived or was denied a discharge." 4–523 Collier on Bankruptcy 523.16 (15th ed.2006).

## DISCUSSION

A determination as to the dischargeability of a debt is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) & 1334. Thus, this Court has the jurisdictional authority in this matter to enter a final order.

The current Trustee brings her complaint to determine dischargeability under 11 U.S.C. § 523(a)(10), which provides, in part:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt-

(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title … in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, …

In bringing this action, the Trustee relies on § 727(a)(6), as set forth above. This section provides that a debtor will not be granted a discharge if they refuse to comply with a court order. In the Defendants' prior bankruptcy case, the default judgment denying discharge was based on the prior trustee's complaint wherein it was averred that Defendants "failed to obey a lawful Court Order in violation of 11 U.S.C. Section 727(a)(6)." (Doc. No. 13, Ex. B). It would thus appear that the Trustee's reliance on § 727(a)(6) is well founded.

The effect of § 523(a)(10) is that a debtor cannot discharge a debt in a future bankruptcy proceeding in which their discharge was previously denied, including by means of § 727(a)(6). This Court has before said that, "section 523(a)(10) is applicable in circumstances where debts existing at the commencement of a case in which the debtor waives or is denied discharge can never be discharged in a subsequent bankruptcy." *In re Webb,* 157 B.R. 614, 616 (Bankr.N.D.Ohio 1993).

In opposition to the applicability of § 523(a)(10), the Defendants raise what can be viewed as two separate arguments. The first is that there is no language which "is tantamount to a dismissal with preju-

834

dice" in their prior Chapter 7 case. (Doc. No. 13, at pg 2). Alternatively, the Defendants contend that the proceeds they were ordered to turn over to the trustee were spent on necessary items. *Id.* Thus, they imply that their discharge should not have been denied because they did not violate a court order in bad faith.

The Court is somewhat perplexed with the Defendants' first argument concerning dismissal. The Defendants' reliance on dismissal is misplaced because the discharge was denied. There is no dispute as to the evidence: a complaint was brought by the previous trustee requesting denial of Defendants' discharge, which was entered by a default judgment wherein it was provided that the "defendant/debtor [sic] is hereby denied a discharge of their debts herein." (Doc. No. 11, Exs.A, B). Denial and dismissal are two entirely separate concepts. 11 U.S.C. §§ 349, 727. Neither exhibit refers to dismissal.

Denial goes to the dischargeability of debts, while dismissal goes to the underlying bankruptcy case. The court order, signed by the Honorable Randolph Baxter, which granted the motion for default judgment, concerns itself only with denial of the discharge. Therefore, the Defendants' prior case was never dismissed; rather their discharge was denied, with the case then proceeding to its ultimate administrative conclusion. (Doc. No. 11, Ex. B).

The Defendants' second argument, that the order for turnover was not disobeyed in bad faith, can only be read as a direct attack on the merits of the prior judgment which denied discharge. To this extent, it clearly constitutes an improper collateral attack upon the judgment from the previous bankruptcy case.

The decision to deny discharge in the prior case is a binding decision of another court, and cannot be collaterally attacked in this Court. "Res judicata pre-

vents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *In re Kapp,* 611 F.2d 703, 707 (8th Cir.1979). Although the Defendants' discharge was previously denied through a default judgment, for purposes of *res judicata,* default judgments are generally considered binding decisions. *In re Garcia,* 313 B.R. 307, 311–312 (9th Cir. BAP 2004). Thus, if the Defendants believe that their prior discharge was improperly denied, this Court is not the proper forum to address that issue. Once judgment was entered, their recourse was to appeal, or to bring an action in the court which issued the judgment to have it set aside.

In conclusion, there is no genuine issue of material fact, and summary judgment should be Granted. Defendants make no legally viable argument that their discharge was not denied under 11 U.S.C. § 727(a)(6). Under § 523(a)(10), if a discharge was previously denied under § 727(a)(6), debts which could have been included in the previous bankruptcy are not eligible for discharge in a subsequent bankruptcy case. Thus, the specific debts which fall into this category are nondischargeable in the Defendants' current bankruptcy case.

In reaching the conclusions found herein, the Court has considered all of the evidence, and arguments of counsel, regardless of whether or not they are specifically referred to herein.

Accordingly, it is

**ORDERED** that the Trustee's Motion for Summary Judgment, be, and is hereby, GRANTED.