MEMORANDUM **
Appellants Christopher Glen Flores and Gary B. Wesley (“Appellants”) appeal the decision of the Bankruptcy Appellate Panel affirming the bankruptcy court’s summary judgment in Chapter 13 debtor Snyder James Oh’s adversary proceeding. The bankruptcy court concluded that Appellants violated the automatic stay and bankruptcy discharge order by taking action in a state court case against Oh for fraud and conversion. The bankruptcy court awarded $16,659.35 in attorneys’ fees and costs to Oh as damages. We review de novo the bankruptcy court’s grant of summary judgment. In re Pena, 155 F.3d 1108, 1110 (9th Cir.1998). We review for clear error the bankruptcy court’s factual determinations underlying the award of the attorneys’ fees, and for abuse of discretion its decision to award attorneys’ *577 fees. In re DeVille, 361 F.3d 539, 547 (9th Cir.2004); In re Claremont Acquisition Corp., 113 F.3d 1029, 1031 (9th Cir.1997). We affirm.
An aggrieved debtor may initiate a contempt proceeding in the bankruptcy court to obtain compensatory damages and attorneys’ fees from a creditor who violates a discharge injunction. Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 507 (9th Cir.2002). Oh’s adversary complaint initiated such a contempt proceeding. Oh properly sought relief from the bankruptcy court that issued the discharge order. He did not assert a private cause of action in the district court against Appellants as prohibited by Walls.
Nor was the discharge injunction vague and indefinite. The terms of the discharge injunction were unambiguous and fixed by statute. In re Moncur, 328 B.R. 183, 191-92 (9th Cir. BAP 2005). Appellants were enjoined from taking any action against Oh. Nevertheless, Appellants persisted in aggressively litigating their state claims against Oh in spite of having received notice of the discharge injunction as well as fair warning from Oh’s counsel that their actions violated the injunction.
Finally, the bankruptcy court did not abuse its discretion in awarding $16,659.35 in attorneys’ fees and costs as damages for Appellants’ violation of the automatic stay and discharge injunction. A bankruptcy court has the discretion to impose such damages as sanction for contempt under 11 U.S.C. §§ 105(a) and 362. In re Dyer, 322 F.3d 1178, 1189-95 (9th Cir.2003). The bankruptcy court carefully reviewed the declarations and invoices submitted by Oh’s attorneys and only awarded those fees and costs that were incurred by the attorneys for responding to and prosecuting Appellants’ violations of the automatic stay and discharge injunction. The bankruptcy court’s factual determinations regarding the amount of attorneys fees and costs incurred by Oh’s attorneys are supported by the record and are not clearly erroneous.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.