**IN RE: Catherine J. PACHER, Debtor**

**Case No. 10–52549–KMS**

United States Bankruptcy Court,
S.D. Mississippi.

Signed July 11, 2016

David L. Lord, David L. Lord and Associates, P.A., Gulfport, MS, for Debtor.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ENTRY OF DISCHARGE

Judge Katharine M. Samson, United States Bankruptcy Judge

Before the Court is the Certification and Motion for Entry of Discharge (Dkt. No. 69) filed by Catherine J. Pacher and Notice of Objection (Dkt. No. 72) filed by Simone J. Simone and Response (Dkt. No. 75) filed by Pacher. The Court held a hearing on the motion on March 3, 2016. Dkt. No. 76. As set forth below, the non-dischargeable judgment obtained by Simone against Pacher in one of Pacher's prior bankruptcy cases is not discharged in the instant case.

### I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), & (O).[1]

### II. Findings of Fact

Catherine J. Pacher first filed for bankruptcy relief in this Court in 1991, when she filed for Chapter 7 relief. *In re Rogers–Pacher*, No. 91–07749–ERG (Bankr. S.D. Miss. *filed* Mar. 21, 1991). Pacher next filed for Chapter 7 relief in 2000. *In re Pacher*, No. 00–55224–ERG (Bankr.S.D. Miss. *filed* Dec. 1, 2000). In the 2000 bankruptcy, creditor Simone J. Simone filed a complaint objecting to discharge of debt related to a default judgment Simone obtained against Pacher in the County Court of Harrison County, Mississippi. *Simone v. Pacher (In re Pacher)*, No. 01–05083–ERG (Bankr.S.D. Miss. *filed* May 31, 2001). The adversary complaint result-ed in an agreed judgment which stated that the debt. owed by Pacher to Simone was nondischargeable "pursuant to § 523 and § 727 of the Bankruptcy Code." Dkt. No. 72–3 at 1. On October 28, 2008, Simone renewed her judgment against Pacher in the amount of $39,759.73 plus $9,953.24 in accrued interest. Dkt. No. 72–2 at 1. Pacher filed for Chapter 13 relief in 2008. *In re Pacher*, No. 08–51542–NPO (Bankr. S.D. Miss. *filed* Sept. 9, 2008). While Pacher received a discharge in her 1991 and 2000 cases, the 2008 case was dismissed for nonpayment of her Chapter 13 Plan before discharge.

Pacher filed the current petition for Chapter 13 relief on October 26, 2010. Dkt. No. 1. On January 5, 2011, Simone filed a proof of claim[2] in the amount of $51,186.96 for the same debt declared nondischargeable in Pacher's 2000 bankruptcy, but did not attach the agreed judgment of nondischargeability. Claim 7–1. On January 11, 2016, Pacher filed a Certification and Motion for Entry of Discharge. Dkt. No. 69. On February 1, 2016, the Chapter 13 Trustee filed his Final Report and Account. Dkt. No. 71. On February 2, 2016, Simone objected to Pacher's motion for discharge. Dkt. No. 72. And Pacher responded to Simone's objection on February 25, 2016. Dkt. No. 75. The Court set the motion for hearing and heard argument on March 3, 2016. Dkt. No. 76. At the end of the hearing, the Court provided the parties an opportunity to submit additional authority to support their positions. On April 18, 2016, the Court extended the deadline for the parties to submit their authority. Dkt. No. 77. And on May 17, 2016, Pacher informed the Court that she

---

1. Pursuant to Federal Rule of Civil Procedure 52, made applicable here by Federal Rules of Bankruptcy Procedure 9014(c) and 7052, the following constitutes the findings of fact and conclusions of law of the Court.

2. Simone also filed a proof of claim for this debt in Pacher's 2008 bankruptcy and attached the agreed judgment of nondischargeability.

did not intend to submit any additional authority. Dkt. No. 80. On May 27, 2016, the Court took the matter under advisement. Dkt. No. 81.

### III. Conclusions of Law

■ The question before the Court is how to apply Simone's prior agreed judgment of nondischargeability in this case. In responding to Simone's objection, Pacher argues (1) no order exists in the current case mandating different treatment of Simone's debt from other unsecured creditors and (2) Simone has not argued any reason why this debt should not be discharged. Dkt. No. 75 at 1. At the hearing, Pacher also argued (3) the Chapter 7 and Chapter 13 discharges are not congruent and that this judgment, while not dischargeable in a Chapter 7, was based on conduct that would allow the debt to be dischargeable in a Chapter 13 and (4) Simone had not kept accurate payment records [3] and that Simone did not keep her address current in this bankruptcy causing her objection to be untimely. These arguments can be distilled into questions about (A) the preclusive effect that should be given to a prior judgment of nondischargeability and who bears that burden of proof and (B) the difference between the Chapter 7 discharge and the Chapter 13 discharge.

### A. Preclusive Effect of Prior Judgment .

■ "In general, a determination of nondischargeability in one bankruptcy case bars redetermination of that issue in a subsequent bankruptcy case." *Bankr. Recovery Network v. Garcia (In re Garcia)*, 313 B.R. 307, 310 (9th Cir. BAP 2004); *see also Swate v. Hartwell (In re Swate)*, 99 F.3d 1282, 1287–88 (5th Cir.1996) (holding

that where nature of obligation has not changed from one bankruptcy to the next, res judicata bars relitigation of obligation's nondischargeability); *Royal Am. Oil & Gas Co. v. Szafranski (In re Szafranski)*, 147 B.R. 976, 989 (Bankr.N.D.Okla.1992) (holding that debtor could not lead "his creditor into the tangle of multiple bankruptcies, and . . . use successive discharges so as to close a trap on the tired and unwary but basically innocent creditor").

■ A new adversary proceeding is not required to enforce a prior judgment of nondischargeability. *See In re Szafranski*, 147 B.R. at 983–88 (discussing history of prior requirement that creditor take some affirmative action to enforce prior judgment of nondischargeability under Bankruptcy Act of 1978 and Bankruptcy Code and finding that no affirmative action is required). And even if an adversary proceeding were required, the Court finds that "no purpose would be served by insisting on technically correct procedure at this late date" when the parties "argued the merits of their positions" at a hearing related to the dischargeability of Pacher's debt to Simone. *See In re Gee*, 124 B.R. 586, 590 (Bankr.N.D.Okla.1991). In this case, the parties were also given an additional opportunity to brief their positions after the hearing but declined to do so.

■ Because it is Pacher who wishes to change the status quo and treat Simone's claim differently in this bankruptcy compared to her prior bankruptcy, Pacher, as the movant, bears the burden of proof. The Court first looks to see if the prior judgment should be enforced in this case. The principles of res judicata apply if the following conditions are met: "(1) the par-

---

**3.** Pacher has not submitted any evidence or argument related to Simone's record keeping for the Court to consider. Therefore, the Court will not address this issue. *See Sw.*

*State Bank v. Ellis (In re Ellis)*, 310 B.R. 762, 769–70 (Bankr.W.D.Okla.2004) (listing courts that have taken this position on unbriefed issues).

ties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." *Banny v. Onewest Bank, FSB (In re Banny)*, Bankr. No. 11–51783, 2012 WL 7655322, at *7 (Bankr.S.D.Miss. Apr. 23, 2012) (citing *Eubanks v. F.D.I.C.*, 977 F.2d 166, 169 (5th Cir.1992)). These conditions are met here, and res judicata applies to the prior judgment of nondischargeability. Pacher has not met her burden to show that the prior judgment should not be enforced.

■ Further, because no affirmative action is required on the part of the creditor to seek enforcement of a prior judgment of nondischargeability, Simone's argument cannot be untimely. *See In re Szafranski*, 147 B.R. at 989 (holding that if a creditor chose to file a new adversary proceeding, it would "not [be] subject to [the] deadlines under [Federal Rules of Bankruptcy Procedure] 4007(c) [or] 9006(b)(3)").

**B. Difference between Chapter 7 and Chapter 13 Discharge**

The discharge in a Chapter 13 (sometimes colloquially referred to as a "super discharge") discharges some debts that would be nondischargeable under Section 523 in a Chapter 7 case. *Allegra Network,* LLC *v. Ruth (In re Ruth)*, Bankr. No. 10–50184, 2013 WL 139265, at *7 (Bankr. E.D.Tex. Jan. 10, 2013); *see also* 11 U.S.C. § 1328(a)(2) (2005). But the Court has found no case (and Pacher has submitted none) holding that the distinction between the discharges in Chapters 7 and 13 is relevant to the validity of a prior judgment of nondischargeability.[4] In fact, Section 523(b) addresses what types of debts found nondischargeable in a prior case may be discharged in a later case. 11 U.S.C. § 523(b) (2010) (listing debts under 523(a)(1), (a)(3), and (a)(8) and other exceptions to discharge outside Section 523). "By negative implication, the general rule is that all other debts held to be nondischargeable are always thereafter nondischargeable." *PACJETS Fin. Ltd. v. Blackmore (In re Blackmore)*, Bankr. No. 05–11673, 2006 WL 4525945, at *2 (Bankr. S.D.Tex. Dec. 4, 2006) (citing *Moncur v. Agricredit Acceptance Co, (In re Moncur)*, 328 B.R. 183, 189 (9th Cir. BAP 2005)). And the burden is on the debtor to show that these debts may become dischargeable in the later case. Pacher has not met that burden.

**IV. Conclusion**

**IT IS HEREBY ORDERED THAT** the Motion for Entry of Discharge is GRANTED IN PART and DENIED IN PART. Pacher's remaining debts that have neither been paid in full nor excepted from dis-

4. Even if the distinction were relevant, the result would be the same in this case. At the hearing, Simone stated that the state court awarded judgment for embezzlement and for forging Simone's name on medical documents. The parties did not put forth any of the original state court pleadings in this case to show on what the judgment was based, but the Court takes judicial notice of Simone's proof of claim filed in Pacher's 2008 bankruptcy. Simone attached the original judgment she obtained in state court, and that judgment merely states that it is a default judgment and does not identify the causes of action. Further, the prior agreed order finding this debt nondischargeable does not state any specific grounds. With no other evidence related to the basis for the state court judgment and because Pacher did not rebut this statement at the hearing or in any subsequent briefing, the Court assumes it is accurate. Debts for embezzlement and related forgery are excepted from discharge under Section 523(a)(4); *see Gamble–Ledbetter v. Andra Group, L.P. (In re Gamble–Ledbetter)*, 419 B.R. 682, 695–98 (Bankr.E.D.Tex.2009). Debts under this subsection are nondischargeable in a Chapter 13 case. *See* § 1328(a)(2).

charge by statute or court order may be discharged.

**FURTHER ORDERED THAT** the debt owed by Catherine J. Pacher to Simone J. Simone is nondischargeable.

**SO ORDERED.**