The court understands the Plaintiff's reluctance to rely solely on § 523(b) without filing a second action because, in the present case, § 523(b) as interpreted by United States Supreme Court, does not expressly provide an automatic exception to the discharge that may be entered in the current case. See Young v. United States , 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002). The reason is simple: the Defendant did not get a discharge in his chapter 13 case. See Notice of Chapter 13 Case Closed Without Discharge (ECF No. 59 in MIWB Case No. 17-00719). As the Supreme Court explained:
*699 The phrase "excepted from discharge" in this provision [ § 523(b) ] is not synonymous (as petitioners would have it) with "non-dischargeable." It envisions a prior bankruptcy proceeding that progressed to the discharge stage, from which discharge a particular debt was actually "excepted." It thus has no application to the present case ...
Young , 535 U.S. at 51, 122 S.Ct. 1036. In both Young and the Defendant's case, the prior chapter 13 cases (upon which the exception to discharge was supposed) were both dismissed before discharge. Therefore, according to the Supreme Court, the debts at issue were never actually "excepted from discharge" because the chapter 13 discharge was never entered. Thus, the high court drew a distinction between the terms "nondischargeable" and "excepted from discharge." Id. This interpretation makes reliance on Paine problematic because the Paines received a discharge in their first bankruptcy case and the bankruptcy court (after reopening the earlier case) specifically found that their creditors' debt was "excepted from discharge." See Paine , 283 B.R. at 35-36.
Unable to rely on § 523(b), which might have been possible had the Defendant received a discharge in his prior case, the Plaintiff was justifiably concerned about the applicability of § 523(c) and Fed. R. Bankr. P. 4007(c). Section 523(c) provides that certain debts, such as the debts at issue in this case and in the Plaintiff's earlier judgment, will be discharged unless:
on request of the creditor ... the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.
11 U.S.C. § 523(c). The complaint in this matter alleges that the Defendant owes a debt of a kind described in § 523(c). Although the Defendant did not receive a discharge in Case No. 17-00719, his filing of a chapter 7 petition means that he is seeking a discharge in his current case, and in fact he listed the Plaintiff as a creditor (as required).
So, the question that the Plaintiff faced as the Rule 4007(c) deadline approached, was whether to file a complaint against the Defendant seeking the relief already afforded in the prior declaratory judgment from this court in the chapter 13 case, or refrain from suing and hope that the prior determination under § 523(c) in the chapter 13 case was enough to except its claim from the discharge that may be entered in the current chapter 7 case.
Although there is authority for, and merit in, the proposition that § 523(c)(1) does not invariably require that a separate determination be made each time a debtor is the subject of a bankruptcy case in which a discharge is permitted,[2] the court hesitates to adopt this approach in the present procedural context of a motion for default judgment, filed without opposition and without briefing. The court concludes that even if a second lawsuit under § 523(c) is unnecessary given its prior determination in the chapter 13 case, the Plaintiff's uncertainty and the Defendant's request for discharge implicit in filing a chapter 7 petition create a live controversy warranting declaratory relief in this case. See Fed. R. Bankr. P. 7001(9) ; cf. 28 U.S.C. § 2201. Moreover, the entry of two judgments granting identical declaratory relief does not present the same risks as entering two money judgments for the *700 same claim. The court, therefore, will grant the Motion.
NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 7) is GRANTED and the Clerk will enter a judgment conforming to this Memorandum of Decision & Order.
IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Thomas G. King, Esq., Mr. Kevin Edward Bridges, and the United States Trustee.
IT IS SO ORDERED.

See Moncur v. Agricredit Acceptance Co. (In re Moncur) , 328 B.R. 183, 189 (9th Cir. BAP 2005).